Isaac B. Brinson, trustee, plaintiff in error, *vs.* Charles Wessolowsky, administrator, defendant in error.

After affirmance, by the supreme court, of a final decree, directing, among other things, the sale of certain property, equity will not enjoin the sale, at the instance of a party to the decree, where no substantial ground for injunction appears, but what was, or might have been, presented for adjudication in the cause in which the decree was rendered. The matter of the controversy must be regarded as *res adjudicata.*

Equity. Judgments. *Res Adjudicata.* Before Judge Hansell. Dougherty County. At Chambers, December 21st, 1876.

Reported in the opinion.

C. B. Wooten; W. T. Jones, for plaintiff in error.

Warren & Hobbs, for defendant.

Bleckley, Judge.

An administrator filed a bill to marshal assets and settle priorities. Before the cause was disposed of, a homestead in the assets was claimed by a trustee, in behalf of minor children, and the same was allowed by the ordinary. The trustee was made a party to the bill, answered it, and set up in his answer, by way of cross-bill, a right to the home-

stead property, and prayed for injunction restraining the creditors and the administrator from selling it. By the same answer and cross-bill, he attacked the validity of various claims against the estate. A decree was rendered, declaring what claims were valid, prescribing the order of their payment, allowing a sum of money in lieu of homestead, and directing all the property to be sold by the administrator, preliminary to a distribution of the proceeds under the decree. Several of the parties, among them the trustee, excepted to the decree, and it was affirmed by the supreme court. Afterward, the administrator being about to sell, in terms of the decree, the trustee filed a bill against him, and prayed for injunction to restrain the sale of the homestead property. In this new bill, no equity was alleged against making the sale, but what was, or might have been, presented and urged prior to the rendition of the decree. This being so, the matter of the new bill was *res adjudicata*, and the injunction was properly refused.

Judgment affirmed.