PICQUET *vs.* THE CITY COUNCIL OF AUGUSTA *et al.*

1. Where a bill is filed to set aside a deed made under a tax sale, the amount of taxes admitted to be due must be tendered. It is insufficient to offer to allow the city to retain a sufficient amount out of the proceeds of the sale, for this would result in the taxes being paid out of the purchaser's money whilst his deed would be canceled if the litigation resulted in favor of complainant.

2. After a judgment sustaining a demurrer to a bill in equity has been affirmed by this court, the complainant cannot amend unless the proposed amendment makes a case for equitable relief beyond a reasonable doubt; nor even then, if there has been apparently needless delay, or if the complainant has had his day in court thereon.

Equity. Tax. Amendment. Before Judge SNEAD. Richmond Superior Court. October Term, 1879.

Reported in the opinion.

A. D. PICQUET, *in propria persona* ; F. H. MILLER; J. S. & W. T. DAVIDSON, for plaintiff in error.

WM. GIBSON; S. F. WEBB, for defendants.

CRAWFORD, Justice.

The plaintiff in error was in arrears, as appears by the record, for his municipal taxes due the defendant in error for the years 1875, 1876, 1877, 1878 and for which *fi. fas.* were issued in each of those years, and finally levied, November 29th, 1878, upon a house and lot as the property of the said plaintiff in error, which was advertised for sale January 7th, 1879, but to which an affidavit of illegality was filed, and the sale postponed to the 1st of April next there-

after, and then sold, and bought by William I. Freeman, at three hundred dollars, to whom the city sheriff made a deed.

On the 6th of January, 1879, plaintiff in error presented his bill in equity to the chancellor, praying an injunction restraining the sale of said house and lot, and for relief against the tax *fi. fas.* then proceeding against him, which application for injunction was refused. The bill was filed regularly in the superior court, and subpœna issued, after which a supplemental bill making Freeman the purchaser a party, and certain amendments were made thereto. To all of which a demurrer was filed at the first term of the court upon three grounds:

1. That complainant disclaimed having any title in himself.

2. That the grievances complained of were cognizable and relievable in a court of law.

3. That no tender of the amount admitted to be due for taxes was made, nor offer made to pay the same.

The complainant then amended his bill by striking out the words, " while not the owner of any real estate in fee simple," and also alleging that he had personal property sufficient to satisfy the said executions. The defendants demurred to the bill as amended, because there was still no equity in the same, which demurrer was sustained and the bill dismissed. A writ of error brought that ruling to this court where the same was affirmed. Pamphlet decisions September term, 1879—p. 62.

Before the remititur was made the judgment of the court below, the plaintiff in error again amended his bill by alleging that he *was* the owner of the property, and attached a copy of his deed as an exhibit thereto. He further offered, by way of additional amendment to meet the second ground of demurrer, to allow certain sums to be retained by said city council out of the sale of his property to meet whatever amount might be found to be due, and in that way tendered that much of the said fund, on a fair assessment

*to be made* of the house and lot, which is alleged to be worth only one thousand dollars and not the assessed value. Upon considering these amendments they were held by the court insufficient to entitle the complainant to the relief prayed, and he refused to allow the same, and dismissed the bill, to which judgment of the court the complainant excepted and assigned the same as error.

1. The question therefore before this court is whether the judge committed error in refusing the amendments for insufficiency, and also in dismissing the bill.

The original bill was dismissed because complainant sought to set aside the sale of a certain house and lot which had been sold for taxes, part of which he claimed to be legal, and a part illegal, and by the allegations of his bill he disclaimed the ownership of the property; and also, because he failed to make a tender of the amount admitted to be due for taxes thereon.

Admitting that the amendment as to title is sufficient, without explanation as to the conflicting allegations made by the complainant, who seeks the aid of a court of chancery, does he make any tender of payment of the taxes due upon the property sold? The offer is that the city retain of the *purchaser's money* enough to pay the amount found to be due, whilst the whole of that sum must be refunded to the purchaser himself, if the sale were set aside as prayed for. So that no payment or offer of payment is made by the complainant, as he, if his prayer were granted on the hearing, would have his house and lot back, and the taxes paid out of the purchaser's, Freeman's, money.

2. Besides, there is nothing set up either in the first or second amendment except matters existing and well known to complainant before the demurrer was sustained, and therefore some accompanying allegation explanatory thereof should be required. After a demurrer has been sustained by this court on a writ of error, the superior court will not allow a complainant to amend his original bill unless the amendment proposed makes a case for equitable relief be

yond all reasonable doubt, nor even then if there has been apparently needless delay in filing his amendment, or he has had his day in court thereon.  58 *Ga.*, 293 ; 61 *Ga.*, 616.

We therefore hold that no error was committed by the chancellor in refusing the amendments and in dismissing the bill.  This is done the less reluctantly since an examination of the bill itself does not show that the complainant has such equities against the defendant as entitle him to the relief prayed.

Judgment affirmed.