ROBINSON *v.* DAVIS.

Opinion delivered April 29, 1899.

APPEAL—AFFIRMANCE—AMENDMENT.—Where the circuit court sustained a demurrer to defendant's petition to vacate a judgment against her on the ground of newly discovered evidence, but offered to grant leave to amend, of which she declined to accept, taking an appeal instead, the supreme court, on affirming the judgment appealed from, may remand the cause with leave to amend. (Page 432.)

Appeal from Drew Circuit Court.

MARCUS L. HAWKINS, Judge.

*W. G. & W. B. Streett*, for appellant.

The presumption, in the absence of proof to the contrary, is that an officer having a duty to perform performs that duty in accordance with the law. 25 Ark. 311; 30 Ark. 69; 35 Ark. 99; 31 Ark. 609. The evidence fails to show that the land was sold three times, as alleged by appellees. A new trial should have been awarded on the ground of surprise.

*Jno. C. Connerly*, for appellees.

Section 4197 Sand. & H. Dig. enumerates the grounds for new trial, and appellant's case does not fall within any of its clauses.

HUGHES, J. Joe Davis, one of the appellees, brought this suit in ejectment against Nancy Robinson, in the circuit court of Chicot county, to recover the northeast $\frac{1}{4}$ of section seventeen, in township sixteen south, and range one west, situated in said county of Chicot. Judgment by default was rendered for the plaintiff. This judgment was set aside, and a new trial was granted. The Sunny Side Lumber Company purchased the land of Joe Davis pending the litigation, and upon its application was made a party plaintiff to the suit, and obtained a change of venue to the county of Drew, where the circuit court, on trial of the cause, found for the plaintiff, and rendered judgment accordingly. Before the next term of the court thereafter, the ap-

pellee (defendant below) filed her petition, under sections 4197 and 5843 of Sandels & Hill's Digest, to vacate this judgment; alleging surprise in the trial and unavoidable casualty brought about by the plaintiff in the suit preventing the defendant from making proper defense, and newly discovered evidence not before obtainable. The court sustained a demurrer to this petition, but granted the defendant leave to amend, which the defendant failed to do, and appealed to this court.

In the suit in ejectment the appellant relied upon a donation deed by the commissioner of state lands, founded on a forfeiture of said land to the state for the taxes of 1873, 1874 and 1875. The court found upon the trial that the forfeiture was void for the reasons, as stated in the opinion of the court, that the land was sold for taxes three times in one day for taxes of 1873, 1874 and 1875; that the land was sold for an illegal levee tax; that the land was sold for an excessive school tax for the year 1873. It seems that the ground that the land was sold for an illegal levee tax is abandoned. We are of the opinion that it does not appear that the land was sold for taxes three times in one day. If it had been, it is a question whether the sale would be void on this account. But this question is not before us, as there is no appeal from that judgment. In his attack on the tax title of the appellant, the appellee introduced in evidence the certified copy of the delinquent list from which the sale of the land was made, which, on its face, shows that the school tax for the year 1873 in the district in which the land lies was extended on an assessment of the land at $669.60, and amounted to $4.85. It was also shown that the rate of school tax for 1873 in that district was 5 mills on the dollar. It appeared, therefore, that the land had been sold for an excessive district school tax for 1873, and this rendered the sale void; and the court so declared, which was, of course, correct.

The appellant's petition to set aside the judgment was, in substance, as follows: "Plaintiff has discovered, since the trial of this cause, that the certified copy of the sale of said land for taxes, offered in proof by defendants [appellees here], contained an error in the amount of the assessment, and upon which the finding of the court was based; that, by a clerical error or some

cause unknown to plaintiff Robinson, the valuation of said lands, as shown by the exhibit then produced, was made to read $669.60, when it should be $969.60; that upon said erroneous valuation the whole tax appeared to be excessive, when, upon the correct valuation, $969.60, the extension of the taxes was and is correct, and said sale is not "void for excessive taxes." Exhibits showing the above statements to be correct are filed with, and referred to in the petition. It is further stated in said petition that "this cause being in said Drew county circuit court on change of venue from Chicot county, where the records were kept, she had no means of obviating the surprise caused by the erroneous exhibit offered in proof as aforesaid, and was misled by the same error that caused the court to find against her." These allegations, together with all others in said petition, are admitted by appellant's demurrer as true.

A duly-certified copy of the assessment of this land, as adjusted by the board of equalization of Chicot county for 1873, exhibited with appellant's petition, shows that for that year 1873 said land was assessed at $969.60 instead of $669.60, as shown by the delinquent list as aforesaid. And a duly certified copy of the tax book relating to this land, exhibited with appellant's petition, shows that taxes had been extended on this land for 1873 on a valuation of $969.60, as shown by the assessment list for that year; thus showing that there was an error in the delinquent list in showing the assessed valuation to be $669.60, whereas in fact it was $969.60, and that, therefore, the land was sold for the correct amount of school tax, which, at 5 mills on $969.60, would be $4.85.

So it appears that the facts, as they really were, were not presented to the court, which, had they been, might have secured for defendant a judgment. But the judgment of the court upon the evidence before it was correct, and must be affirmed. The petition of the appellant to vacate the judgment can be considered only on the ground of newly discovered evidence. If the appellant was surprised on the trial, it was her duty to have asked at once for a postponement of the trial, to enable her to procure her testimony. This she did not do, and no question of surprise in the case is before this court. When the demurrer to the appellant's petition was sustained in the court below,·

and she was granted leave to amend, she declined to do so. The petition does not clearly state that she had no notice, before the trial, of the condition of the record, upon which the appellee relied to show that her title was void. The records were in Chicot county. The trial was had in Drew county, upon change of venue. The question which confronts us is, can this court, upon an affirmance of the judgment of the circuit court sustaining a demurrer, remand the cause with leave to amend?

Amendment is always discretionary with the court. *Fenno* v. *Coulter*, 14 Ark. 38. It is apparent that the merits of this controversy were not made to appear to the court below, and that it went off upon an untrue presentation of the real facts in the case. It was tried upon a part only of the record relating to the forfeiture of the land for non-payment of taxes. The record was inconsistent and contradictory; the delinquent list and sale list showing that the land had been assessed for 1873 at $669.60, and the assessment list and tax book showing the assessed valuation to be for that year $969.60. It is apparent that, if the matter stands as it now does, the appellant is without remedy against a judgment against her that deprives her of her land for failure of her title, when, had the facts been fully presented, her title would not have been declared void. The appellant's deed was *prima facie* evidence of title in her deed from the state. She may have supposed that the record was regular and consistent, but on the trial, in a county other than that where the records of the tax sale were, it was suddenly developed that the record did not sustain her deed. This showing by the record introduced was false, and misled the court; but she had no means then and there of showing, and perhaps did not know,—what she afterwards discovered,—that it was false. To remand the cause with leave to appellant to amend her petition will not deprive the appellee of an opportunity to present his whole case. *Kirstein* v. *Madden*, 38 Cal. 158; *Penny* v. *Vancleef,.* 1 Hall (N. Y.), 168.

To allow amendment is the rule; to refuse, the exception. *Tiffany* v. *Henderson*, 57 Ia. 490. "The rules for amendment are exceedingly liberal, when justice will thereby be done, and wrong prevented." *Church* v. *Holcomb*, 45 Mich. 39. In this case of *Church* v. *Holcomb*, Judge Cooley delivered the opinion

of the court. The judgment was affirmed, and the cause was remanded with leave to amend. See also *Lane* v. *Lane*, 87 Ga. 268; *Cottrell* v. *Watkins*, 89 Va. 801; *Branch* v. *Knapp*, 61 Ga. 616; *Picquet* v. *Augusta*, 64 Ga. 516; *Pease* v. *Morgan*, 7 Johns. (N. Y.) 468; *Manz* v. *St. L. I. M. & So. Ry. Co.* 87 Mo. 278. In *Thatcher* v. *Candee*, 42 N. Y. 157, a demurrer was sustained to the complaint for the want of proper parties. The judgment was affirmed in the court of appeals, and the cause was remanded with leave to amend.

We think that appellant should have an opportunity to show that she is not at fault for not having had the record of the tax sale at the trial, and, if not in fault, that she should have an opportunity to present it, and invoke the judgment of the court thereon. Remanded, with leave to amend.