BENJAMIN F. BIGELOW, plaintiff in error, vs. JAMES M. SMITH and EMANUEL LYAN, defendants in error.

[1.] By the Act of 1823, *Cobb* 512, and those relating to the same subject, it appears that summary possession of land was only intended to be given to the purchaser at Sheriff's sale, as against the defendant in execution and those claiming under him.

[2.] When a third person sets up independent title in himself, under a judgment of a Court, the proceeding will be arrested unless the return is successfully controverted, which it is the privilege of the applicant to do.

Application by purchaser to be put into possession of land bought at Sheriff's sale, in Polk Superior Court. Decision by Judge HAMMOND, at October Term, 1856.

Continued at the March Term of this Court.

This was a motion for an order from the Court directing and requiring the present Sheriff of Polk county, to put the movant, Benjamin F. Bigelow, into possession of a lot of land which he had purchased at Sheriff's sale.

The land was sold by the then Deputy Sheriff of said county, on the first Tuesday in April, 1854, under a *fi. fa.* issued from a Justice's Court, at the suit of D. N. Crayton vs. James M. Smith, as the property of said Smith, and bought by

Bigelow. At the time of the sale Smith was in possession, and he only.

Smith and one Emanuel Lyan who were in possession of the premises, being served with notice to show cause why the order should not be made, Lyan appeared and showed for cause, that he was now the legal owner of the land, in possession of the same, by himself and his tenant, the said James Smith; that he has title to said land, here in Court, ready to be exhibited, and a judgment rendered in his favor for said premises, in an ejectment cause tried at this Term of this Court. That the sale made by the Sheriff, under which Bigelow claims to be put into possession, was, on the 4th April, 1854, by a former Sheriff, not now in office; and respondent has been informed, and he believes that Bigelow bought in said land for Smith, and that he, Smith, was the real purchaser, and not Bigelow. And at the time of said sale, Smith had no title to the land, except a naked possession, which he yielded to this respondent when he became the owner thereof.

Respondent further answered, that he is advised and believes that Bigelow, by reason of his purchase, at Sheriff sale, (if *bona fide* for himself) acquired no other title or right in and to said land, than Smith, the defendant in execution, had, which was a mere naked possession; and if Bigelow delayed obtaining the possession, until this respondent had entered under a legal title, he cannot, at this late day, by this summary proceeding, acquire the possession by ejecting respondent, or Smith, his tenant, from the possession, but must assert his claim by action at law, or bill in equity, when the rights of all parties may be fairly and deliberately investigated and adjudicated.

The Court, upon this showing, refused to make the order moved for.

Counsel for Bigelow, then moved to be allowed to contro-

vert said showing and to traverse the answer made by Lyan for himself and Smith. The Court refused to allow the answer to be controverted, and passed the following order, to-wit: "Upon hearing the motion, cause shown, and argument, it is ordered, that the motion be refused."

To all which rulings and refusals, counsel for Bigelow excepted.

CHISOLM & WADDELL, for plaintiff in error.

ALEXANDER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The Act of 1823, *Cobb* 512, provides that, " when any Sheriff or Coroner shall sell any real estate by virtue of, or under the authority of any execution, it shall be the duty of such Sheriff or Constable, (as the case may be,) upon application, to put the purchaser, his or her agent, or attorney, in possession of the real estate sold; *Provided,* That this Act shall not authorize the officer making the sale, to turn out any other person than the defendant in execution, his heirs, or their tenants; if such other person were in possession at the term of the rendition of the judgment; or if such person has acquired such possession under the judgment of a Court of competent jurisdiction, or claim under the person or persons acquiring such right by the judgment of such Court."

By an examination of this and the several other statutes, relating to the same subject, it is apparent that possession was intended to be given, only as against the defendant in execution, and those holding under him. And, conceding this to be the true construction of the law, the applicant had made out a *prima facie* case, so as to entitle him to a writ. The land was sold as the property of Smith. He was in possession at the time of the rendition of the judgment, when the sale took place, and when this application was made. But

Lyan comes in and shows for cause against the rule:  1st. That Bigelow bought the land for Smith, and not for himself. And secondly, in terms of the Act recited, that he himself had acquired possession of this tract of land, under the judgment of a Court of competent jurisdiction; and that Smith is now in as his tenant.

If this be so, Smith cannot be summarily ejected.

But why should Bigelow, instead of being remitted to his action, not be allowed to traverse the return of Lyan?  Having brought his case within the statute, why refuse him the relief which it gives, without a hearing?  And why not settle this controverted title in this way, as well as by an action at law?

For refusing this privilege to the purchaser, we are constrained to reverse the judgment.

Judgment reversed.