## Hunt *v.* Harris, administrator.

George, J. In 1884 John B. Henderson, in consideration of $1100, conveyed to James W. Hunt and his wife, Mary K. Hunt, fifty acres of land in Catoosa county. In 1909 Mary K. Hunt died intestate. Her heirs at law were James W. Hunt and her two daughters, Mrs. Glenn Strange and Mrs. Herbert Shields. M. L. Harris, as administrator of Mary K. Hunt, filed an equitable suit in which he alleged, that James W. Hunt, after the death of Mary K. Hunt, took exclusive possession of the land and had enjoyed the rents, issues, and profits thereof, of the yearly value of $300; and that James W. Hunt refused to account to him for any part of the rents, but on the contrary contended that the estate of Mary K. Hunt was indebted to him in the amount of $2,500, for taxes paid, and valuable improvements made on the land. He also alleged that while the deed was executed jointly to James W. and Mary K. Hunt, his intestate in fact furnished $700 of the purchase-money, and died seized and possessed of a seven-elevenths undivided interest in the land; that James W. Hunt and Mary K. Hunt

jointly executed a certain mortgage on the land for the purpose of securing an indebtedness of $400, which remained unpaid; that his intestate signed the mortgage merely as security for James W. Hunt; and that it was necessary to sell the interest of his intestate for the purpose of making a distribution among the heirs at law, and that the land was incapable of division in kind. He prayed, that title to a seven-elevenths interest in the land be decreed to be in him as administrator of Mary K. Hunt; that he have an accounting with James W. Hunt, the defendant, for the rents, issues, and profits; that the mortgage be declared to be a lien on the interest of James W. Hunt only; that the land be sold by order of the court; and for general relief. James W. Hunt, the sole defendant, filed a demurrer, urging the following grounds, among others: The petition does not allege that Mary K. Hunt owed any debts; the ages of the two daughters are not shown; no order of sale by the ordinary after notice to the defendant is alleged; no reason is made to appear why it is necessary for the administrator to sell the land and distribute the proceeds among the heirs at law; and it is not alleged why the deed failed to disclose the relative interests of the grantees. The demurrer was sustained, "except in so far as the petition prays for an accounting and partition of the premises." To the judgment on demurrer the defendant filed exceptions pendente lite. The trial resulted in a verdict for the plaintiff. The defendant filed his motion for new trial, which was overruled, and he excepted. During the progress of the trial the court permitted certain witnesses for the plaintiff to testify to the value of the land for rent, the quantity of cotton and other crops the land would ordinarily produce, the value of the land itself, and the cost of the improvements made upon the land by the defendant. The court instructed the jury that the interest of James W. Hunt in a one-half undivided interest in the land owned by Mary K. Hunt at the time of her death, and his interest as an heir at law of Mary K. Hunt in one-half of the rents, issues, and profits actually received by him after the death of Mary K. Hunt should not be taken in consideration in this suit; but that the interest of James W. Hunt as an heir at law of his deceased wife, Mary K. Hunt, was a matter for final settlement between the defendant and the administrator. Exception is taken to the charge of the court and to the rulings upon evidence indicated above. Error is also assigned upon the exception pendente lite filed by the defendant. *Held:*

1. The court did not err in overruling the general demurrer to the petition. *Gann* v. *Runyan,* 134 *Ga.* 49 (67 S. E. 435); *Lowe* v. *Burke,* 79 *Ga.* 164 (3 S. E. 449).

(*a*) In so far as the grounds of special demurrer were meritorious, the same were met by timely amendment.

2. While under the facts in this record the defendant was liable only for one half the rents actually received by him (and the court so instructed the jury), nevertheless evidence of the value of the premises, of the quantity of crops ordinarily and generally grown thereon, and of the fair and reasonable value of the premises for rent, was admissible as tending to show the amount actually received by the defendant as rents.

3. A cotenant, acting in good faith and for the purpose of honestly bettering the property and not for the purpose of embarrassing his cotenants or incumbering the estate or hindering partition, will be entitled to compensation to the extent that his substantial and useful improvements have added to the value of the common property. *Helmken* v. *Meyer*, 138 *Ga.* 457 (75 S. E. 586, 45 L..R. A. (N. S.) 738). The true issue is how much do the improvements add to the value of the property at the time of the accounting (and the court so instructed the jury in this case). Nevertheless, the cost of the improvements is an element which may be considered by the jury on that issue.

4. The court properly instructed the jury that if they found for the plaintiff upon the other issues in the case, the plaintiff would be entitled to recover one half of the rents actually received by the defendant while he remained in the exclusive possession of the premises, and that in the present suit they would not consider the defendant's interest as an heir at law of his deceased wife in the rents due to her estate. Such interest was a matter between the administrator of the cotenant and the defendant upon final accounting.

5. The evidence tended to show that the amount received by the defendant for rents included rent for live stock (the property of defendant) as well as for the land. The charge of the court to the effect that the defendant was liable to account for one half of the amount actually received by him for the rent of the premises did not authorize the jury to charge the defendant with one half of the gross sum received for the use of the land and live stock, and was not calculated to so impress the jury.

6. The evidence authorized the verdict, and no reversible error is made to appear.　　　　　　*Judgment affirmed. All the Justices concur.*

No. 1209.　July 16, 1919.

Equitable petition. Before Judge Tarver. Catoosa superior court. September 10, 1918.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*W. E. Mann,* contra.