CASON v. UNITED REALTY & AUCTION CO. et al.

1. "A defect in a petition, resulting from the nonjoinder of proper parties, cannot be taken advantage of by a general demurrer." Hunt v. Doyal, 128 Ga. 416 (3) (57 S. E. 489). There was no special demurrer to the petition specifically pointing out the omission to make the sheriff a

party. Whether or not the sheriff is a necessary party to an action seeking to cancel the sheriff's deed, that objection cannot be raised for the first time after verdict. *Groover* v. *Wilkes*, 148 *Ga.* 794 (98 S. E. 503).. The sheriff acted merely as an instrument of the law, and had no interest in the matter other than to perform his official duty.

2. Error is assigned on the judgment of the court allowing the intervention of Mrs. Madge Pogue, executrix of the estate of J. Wood Pogue. The record shows a judgment allowing this intervention, and exception pendente lite to the judgment. The charge of the court does not mention the intervention, nor submit any issue in behalf of such intervenor; no evidence was introduced and no finding was made by the jury in behalf of the intervenor. The case obviously was tried on the theory that the intervenor had in some manner dropped out of the case. In these circumstances, even if the court erred in allowing the intervention, such error was not harmful to the plaintiff in error and will not require a new trial. In compliance with an order of this court, the clerk of Habersham superior court transmitted, and there is now of file in this court, the following order: "G. H. Cason *v.* United Realty & Auction Co. et al. On motion of defendant's counsel the within intervention is hereby dismissed as to defendants, for want of a cause of action, not being germane to the issue in the main, lacking mutuality and equity, and a misjoinder of parties. Dismissed as to defendants in open court, and the defendants is hereby authorized to enter up judgment for cost. This March 9, 1922." The order is unsigned, but the clerk certifies "that the above order in blank (that is, not signed by the judge) is true and correct as the same appears of file and record in this office." Whether the judge duly signed the minutes which included the aforesaid order does not affirmatively appear; but without deciding that the order is a valid judgment we hold that the filing and record of the same is sufficient, in connection with the facts stated above, to show that the intervenor, Mrs. Pogue, was not a party to the case as tried.

3. It is insisted that a new trial should be granted because it was neither alleged nor proved by the petitioner that he was in possession of the land, and therefore that a verdict cancelling the sheriff's deed to the defendant was unauthorized and contrary to law. There was no special demurrer to the petition on this point, and hence the exception pendente lite to the overruling of defendant's demurrer does not raise this question. Even if, as contended, a court of equity will not decree the cancellation of a deed where the petition does not allege that the grantor is in possession, a new trial is not required in this case, because the petition contained allegations and prayers authorizing other relief besides that of the cancellation of the sheriff's deed, and cancellation of such deed is not essential to appropriate and complete relief under the pleadings and the evidence.

4. The court did not err in overruling the defendant's demurrer to the petition of the plaintiff.

5. The only special ground of the motion for a new trial complains that the court erred in instructing the jury as follows: "Now, remember, a sale by an officer for taxes is never a completed thing until the purchase-price bid by the bidder or transferee of the bidder, until that has been completed by the payment and a deed made. You have got twelve

months from then in which to redeem." This charge was not error. The period of limitation begins to run from the date of the payment of the purchase-money and the execution and delivery of the deed.

No. 4198.  JULY 19, 1924.

Equitable petition. Before Judge J. B. Jones. Habersham superior court. November 17, 1923.

*J. C. Edwards* and *H. E. Edwards,* for plaintiff in error.

*I. H. Sutton, Egbert Beall,* and *Luther Roberts,* contra.

PER CURIAM. 1-4. Headnotes one to four, inclusive, do not require elaboration.

5. "Where real estate has been sold under any State, city, county, or school tax fi. fa., the same may be redeemed at any time within twelve months after the sale, by the defendant in tax fi. fa.," etc. Civil Code (1910), § 1169. The power to sell property for unpaid taxes is derived from the statutes. If there is failure in respect to any of the requirements, it is fatal and the sale is invalid. "It is therefore accepted as an axiom, when tax sales are under consideration, that a fundamental condition of their validity is that there should have been a substantial compliance with the law in all proceedings of which the sale was the culmination. This would be the general rule in all cases in which a man is to be divested of his freehold by adversary proceedings; but special reasons make it peculiarly applicable to the case of tax sales." 3 Cooley on Taxation, 2726, § 1382; *Brown* v. *Powell,* 85 *Ga.* 603, 606 (11 S. E. 866); *Norris* v. *Coley,* 100 *Ga.* 547, 552 (28 S. E. 222); *Bennett* v. *Southern Pine Co.,* 123 *Ga.* 618, 620 (51 S. E. 654). In *Wood* v. *Henry,* 107 *Ga.* 389 (33 S. E. 410), which was a case dealing with a sheriff's sale for State and county taxes, it was said, in part: "When perfected by the payment of the money and the execution of the deed, the transaction relates back and makes the sale effectual from sale day; but relatively to the right of the owner to redeem the land, the sale will not be considered as complete until payment of the purchase-money by the bidder, and the owner has twelve months from the time of such payment within which to tender the money to the purchaser for the purpose of redemption." In our opinion the ruling in the above-stated case is controlling in this case. The tax sale is not complete in contemplation of law until the purchase-money is paid and the deed is executed and delivered in accordance with the

terms of the sale, and until that time the limitation for redemption stated in Civil Code (1910), § 1169, does not begin to run.

*Judgment affirmed. Beck, P. J., disqualified. The other Justices concur, except Gilbert and Hines, JJ., dissenting from the ruling in the fifth division.*

GILBERT, J., dissenting. The language used in *Wood* v. *Henry,* 107 *Ga.* 389, is not altogether clear, and seemingly permits of two constructions: one to the effect that the sale is not complete until both the payment of the money and the execution of the deed; the other, that the right of the owner to redeem the land ends when twelve months have elapsed after the payment of the purchase-money by the bidder. In the opinion on page 394 it was said: "Of course the acceptance of the money and the execution of the deed to the purchaser had the effect of ratifying all that had been previously done by him, but it does not follow from this that the purchaser had a complete tax title to the property until he had paid the purchase-money and received the sheriff's deed. His rights in the property absolutely depended upon such payment or its tender. Section 909 of the Political Code [Code of 1910, § 1169] gives to the owner of the land sold the privilege of redeeming it within one year by paying the purchaser the amount paid by him for the land, with ten per cent. premium thereon from the date of the purchase to the time of payment. The statute therefore contemplates a redemption from the purchaser, not from the officer. But manifestly the law did not intend that the period of limitation as to redemption should begin to run before the purchaser had acquired some sort of title or interest in the land by virtue of the sale. Until his title had become complete he had acquired no interest in the property which was the subject-matter of redemption by the owner. Besides this, the statute stipulates that the owner shall have the right to redeem by paying the purchaser the amount paid by said purchaser for said land, etc. Manifestly it was not intended that the purchaser should be entitled to any such payment before he himself had paid out any money for the property. Any other construction of the legislative intent might subject the owner of the land, in his efforts to redeem the same from a tax sale, to the hardship of having his land again exposed for sale by the sheriff on account of the failure of the purchaser to pay the amount of his bid after he had received the

same from the owner." The decision in the case of *Wood* v. *Henry* restricted to its own facts, ruled that the time of limitation of one year for redemption began to run when the purchase-money was paid and the deed executed, which was on the same day. It did not rule that such limitation would begin to run from the time the deed was executed where the deed was executed at a date later than that on which the purchase-money was paid. The question as to when the limitation would begin to run where the purchase-money was paid and the deed made on different dates was not involved in the case. So that no significance is to be attached to the words "and the execution of the deed," in the sentence "When perfected by the payment of the purchase-money *and the execution of the deed*" (italics mine). After the payment of the purchase-money by the purchaser, nothing else remains for him to do, since the law requires nothing else of him. He is then entitled to have a deed, and the law presumes that its officer who conducted the sale will perform his duty by executing the deed. "Where a purchaser at a tax sale bids in property and pays the purchase-price, no reason to the contrary appearing, he is entitled to have a deed made to him, but during the time allowed for redemption his title is inchoate and he has not the right to be put in possession of the property." *Elrod* v. *Owensboro Wagon Co.*, 128 *Ga.* 361 (57 S. E. 712). "The title obtained by the purchaser at a tax sale has been sometimes referred to as an inchoate, qualified, or defeasible estate." *Bourquin* v. *Bourquin*, 120 *Ga.* 115, 120 (47 S. E. 639). He has not the right to be placed in possession of the property until the year allowed for redemption has elapsed. But the execution of the tax deed is not necessarily postponed until that time. *Elrod* v. *Owensboro Wagon Co.*, supra. "In Georgia a deed is made at once by the selling officer, but the owner may redeem within the time fixed by law. In regard to the right of redemption from tax sales it has been said: 'The statutes which give the right are to be regarded favorably and construed with liberality. . . But though the statutes are to be construed favorably, yet, as the right depends upon them, the person seeking to redeem must bring himself within their provisions.' 2 Cooley on Taxation (3d ed.), 1023, 1025. As between the purchaser at a tax sale and the person whose property is sold, the redemption extinguishes the title, and the land is restored as it was

before the sale. 2 Cooley on Taxation (3d ed.), 1051, 1052; Black on Tax Titles (2d ed.), §§ 377, 448. If the purchaser at a tax sale, within the time allowed for redemption, and for the consideration of the redemption money, makes to the owner a deed of reconveyance, it creates no new title, but simply restores the property to the same position in which it was before the sale." *Bennett* v. *Southern Pine Co.*, supra. "In most jurisdictions the purchaser at a tax sale acquires no title, legal or equitable, until a tax deed is executed and delivered. The contrary rule prevails, however, in some States." 3 Cooley on Taxation, 2899, § 1464, and cases cited in notes. An examination of the cases cited to sustain the statement as to the rule in "most jurisdictions" shows that the statutes controlling those cases in some instances provided that the purchaser derived no title until he acquired a deed; in other cases the suits were to cancel deeds. Obviously a deed not executed could not be cancelled. Black on Tax Titles, 494; Blackwell on Tax Titles, § 895. From a consideration of the foregoing authorities, the proper construction of our Georgia statutes is that no right under the tax sale is acquired by the purchaser until payment of the purchase-price, at which time he is entitled to have a deed executed and delivered to him. *Elrod* v. *Owensboro Wagon Co.*, supra. He is not obliged to demand a deed at the time. He may delay a reasonable time before making such a demand. Title is complete when the purchase-price has been paid and the time for redemption has expired. Until the time limit for redemption has elapsed he cannot demand possession of the property, for until then the owner of the land has the right to redeem it by complying with the statutory requirements. If the purchaser cannot demand as a right to be put into possession of the land until the right of redemption has passed, it would seem reasonable that he might delay until that time his demand for a deed. This is logical and consistent with the Georgia statute. Such a construction would be inconsistent with the theory that the time limit of one year for redemption does not begin to run until the purchaser has obtained his deed. If the purchaser may delay a demand for his deed until the period of limitation as to redemption has elapsed, it would be inconsistent and illogical to construe the statute to mean that the limitation does not begin to run until the deed has been executed and delivered. That would

be to reason in a circle. Such a construction would place it within the power of the officer upon whom the law imposes the duty of executing the deed to prolong the expiration of the limitation simply by delaying the making of the deed. Where there has been a redemption as required by statute and no deed has been made to the purchaser, it is no defense to a demand for a quitclaim deed under the Civil Code, § 1172, "to answer that the purchaser has not yet had the selling officer to make a deed to him." *Elrod* v. *Owensboro Wagon Co.,* supra. Thus it would seem that the tax sale is complete upon the payment of the purchase-price, although title is defeasible, and such completion does not date from the making and delivery of the deed. Otherwise the purchaser might be required to reconvey property before he had himself acquired title.