Brown *v.* Kendrick *et al.,* executors.

Atkinson, J. 1. There is no merit in the motion to dismiss the writ of error on the ground that the questions decided by the trial court became moot after rendition of the decision complained of.

2. The petition sought, among other things, to enjoin executors nominated in a will from proceeding to administer an estate in accordance with the provisions of the will while a caveat filed by the petitioner as an heir at law on the ground that the alleged testator was without mental capacity to make a will was pending on appeal. The estate consisted largely of cash and negotiable securities, and the will directed distribution in kind to the legatees, and conferred powers of private sale upon the executors, who were not required to give bond. The executors filed in the court of ordinary a bond such as is required by law of temporary administrators. The petition alleged that it was the intention of the executors to do more than perform the ordinary duties of temporary administrators, that it was their intention to proceed with the administration of the estate in accordance with the will, and that the petitioner's interest under the will would be a certain amount and a greater interest as an heir at law if the will should be set aside. *Held,* that the sworn allegations of the petition were sufficient to allege a cause for injunction to prevent the executors from proceeding with administration of the estate in accordance with the terms of the will; and the trial judge erred in refusing to sanction the petition, and in refusing to issue a rule nisi requiring the defendants to show cause why injunction should not issue.

*Judgment reversed. All the Justices concur.*

No. 4786. February 11, 1926. Rehearing denied February 20, 1926.

Petition for injunction. Before Judge Malcolm D. Jones. Peach superior court. February 19, 1925.

On January 19, 1925, during vacation of the court of ordinary, a will and a codicil were filed as proved by the affidavit of one subscribing witness of each instrument, along with a petition by the nominated executors for probate in common form. At the February term an heir at law filed a petition praying that the propounders be required to offer the will and codicil for probate in solemn form, and that it be declared to be no will, on the ground that the alleged testator was without testamentary capacity; that letters testamentary be refused pending the issue devisavit vel non; that the executors be authorized to act only as temporary administrators upon giving bond in the sum of $300,000; and that they be required to file an inventory of the assets of the estate. The petition of the propounders first above

referred to came on for a hearing on February 2, during the February term, and a judgment was rendered which provided that the will and codicil "be admitted to record as satisfactorily proven in common form;" also "that inasmuch as a demand has been made on said executors to offer the will for probate in solemn form, and caveat has been filed thereto by . . one of the heirs at law," the executors are authorized, "until the issue formed by said caveat is determined," to exercise the duties of temporary administrators only upon giving bond as temporary administrators, with good and sufficient security, conditioned upon the faithful discharge of their duties as temporary administrators, in the sum of $300,000; that the executors file in office, by February 6, a complete inventory of the assets of the estate; and that issuance of letters testamentary be refused pending investigation of the issue formed by the caveat. On February 13 during the same term, on oral motion of the attorney for the nominated executors, the ordinary passed an order which declared, that whereas at said term the will and codicil were duly admitted to record as having been proved in common form and had been duly recorded in the book of wills in the office of said court, and whereas the executors had taken and subscribed the usual oath in such cases made and provided, such executors were therefore entitled to have letters testamentary issue to them; and accordingly it was ordered that letters testamentary do issue; that so much of the previous order wherein letters were refused and denied be annuled and revoked as having been improvidently passed; that, the executors having filed in office, as required by the former order of the court, good and sufficient bond in the sum of $300,000, the court deemed such bond ample to protect the interest of all concerned until the outcome of the issue of devisavit vel non, and therefore it was unnecessary to file an inventory as provided in the previous order; and consequently so much of said order as made this requirement was also revoked; and that the executors make up a list of all property composing the assets of the estate, and furnish a complete sworn copy of the same to each of the legatees. Within four days after the passage of this order, and before letters testamentary were actually issued, appeal was filed in the superior court from the judgment of the court of ordinary.

After entry of the appeal letters testamentary issued. On February 19 the caveator as an heir at law presented to the judge of the superior court a petition against the nominated executors, which, in connection with exhibits attached thereto, alleged all that is stated above, and the following in substance: The oral motion of February 13, to revoke in part the prior judgment of February 2, is void. The order granting letters testamentary and the issuance of letters testamentary were contrary to law and void, for the reason that an appeal was pending at the time of issuance of the letters testamentary. The passage of the order and the issuance of the letters testamentary places the executors in position to bind the estate by contract and sell the same to bona fide purchasers, and confers upon the nominated executors all the powers of executors. A large part of the estate consists of about $80,000 in cash and about $130,000 in negotiable securities. The executors manifestly intend to proceed to administer the estate before the issue of devisavit vel non can be determined, and are now threatening to take charge of the entire estate amounting to about $400,000, and, unless restrained by this court, will attempt to carry out the provisions of the alleged will and codicil. Petitioner as an heir at law is entitled to one ninth of the estate, but under the will is entitled to only 7/90, which makes a difference to him of about $12,000. Citation for probate in solemn form is now being advertised. The bond is conditioned only upon the performance of duties "as temporary administrators," and, having been appointed executors, the defendants are no longer administrators and your petitioner is without bond to protect his interest. If the defendants are allowed to act as executors with power to administer the estate by paying debts and making distribution and binding the estate for payment of attorney's fees and carrying out the provisions of the will, the bond of $300,000 will become void, if not already void. The ordinary will probate the will in solemn form at the March term; and there is no good reason why letters testamentary should issue 12 days before the date for trial of the issue of devisavit vel non, unless it be to precipitately distribute the estate on the eve of the hearing of such issue. It is a matter of right that petitioner should be allowed to test the validity of the alleged will; and he will be deprived of that right and without

recourse on any one, unless the nominated executors be restrained and enjoined from acting under the letters testamentary. It is the intention of the executors to precipitately carry out the provisions of the will, and especially item 6 of the will and 2 of the codicil.

Item 6 is as follows: "It is my wish and desire that my entire estate, real and personal, be divided in kind and distributed in the shares and portions hereinabove devised, if reasonably possible to do so. To this end I desire my executrix hereinafter named to make up a complete list of all my property, real and personal, notes, accounts, and choses in action, and submit to each of the within legatees copy of such complete lists of my assets. Then at appropriate and convenient time I wish my executrix hereinafter named to call all of the said legatees together for a conference looking to an agreement as to the values of all my property, and a division thereof in kind. If the values and allocations to the respective legatees can be agreed upon, the shares or portions so agreed to shall be distributed as herein provided. In the event agreement can not be had as to all of my estate, I desire that the agreement be reached as to as much thereof as possible, and distributed as herein provided; and as to the remainder, my executrix hereinafter named shall proceed at such time within two years from the date of my death, as to her may seem most advantageous and proper for all parties at interest, to sell at public or private sale, as she sees fit, without any order of court, and divide and apportion the proceeds as in this will provided and devised. I especially desire and direct that, before making any private sale of any of my said property, my said executrix give written notice by registered mail of the contemplated sale and the proposed price and terms thereof, so that any of said named legatees who desire to do so may take such property so offered for sale on the terms and at the price proposed by my said executrix."

Item 2 of the codicil was an appointment of one of the executors, and conferred the same authority upon him as was conferred upon the other executor, and provided upon the event of the death of either, or that if either should decline to qualify, then the other should become sole executor. The petition finally alleges, that the executors have authority to sell all the property

of the estate without court order and without any agreement of the other heirs, and distribute the cash and proceeds of the sale without any interference by the court of ordinary, and that it "is the manifest intention of these executors, or they would not be insisting on letters testamentary when they only need power of a temporary administrator pending the determination of the issue by the caveat, when the appeal on the order granting letters testamentary will be decided during the first week in March, 1925. . . Your petitioner is without remedy at law, and he will be irreparably damaged and injured unless injunction do issue restraining the unlawful acts complained of." The prayers were, that the order allowing issuance of letters testamentary and the letters themselves be declared void; that the defendants be enjoined and restrained "from taking charge of the estate or the property of the estate in the capacity of executors of the said will, and from exercising any power or control over the property of said estate, except in their capacity as temporary administrators, pending the determination of the caveat filed to the probate of the will;" that they be required to show cause, at a date to be specified by the court, why injunction pendente lite should not be granted as prayed, and in the meantime and until further order that they be restrained and enjoined from doing any of the things against which injunction is prayed. The petition was positively sworn to by one of the attorneys at law for the petitioner. When the petition was presented to the judge he entered an order refusing to issue a rule nisi, and refusing the prayers for an immediate restraining order and for a temporary injunction. The plaintiff excepted on the grounds that under the sworn allegations of the petition he was entitled to a restraining order and to other relief prayed, and that the refusal of such relief was contrary to law. The defendants filed a motion to dismiss the writ of error, on the ground, "that, since the date of the judgment complained of, an event has occurred which makes unnecessary the determination of the questions raised thereto, said questions now being moot, or at least their decision would be of no practical application to the controversy between the litigants; for that on the 18th day of April, 1925, defendants in error made and filed in the ordinary's office a bond with good securities in the sum of two hundred thousand dollars, con-

ditioned upon their faithfully accounting to the permanent administrator on the estate of [the deceased] in the event the caveat to the will was sustained; said bond having been approved by the ordinary, a certified copy of which bond is hereto attached, together with the affidavit of the ordinary in support hereof." The plaintiff in error filed a counter-affidavit in response to the motion to dismiss, which admitted that the bond was filed as alleged in the motion to dismiss and remains of file in the court of ordinary, but insisted "that the questions raised by the petition for injunction are not moot; that the issue raised by the petition for injunction is still pending, since the executors are acting under letters testamentary, and in his opinion the granting of the injunction is of practical application to the controversy."

*Houser & Mathews,* for plaintiff.

*A. C. Riley, C. L. Shepard,* and *Hall, Grice & Bloch,* for defendants.