EDWARDS *v.* HALL, sheriff, *et al.*

BELL, J. 1. "The principle that one who is bound to pay the tax on property can not strengthen his title by purchasing at a tax sale, and that such purchase will be treated as payment of the tax (Civil Code of 1910, § 1164; *Burns* v. *Lewis*, 86 *Ga.* 591, 13 S. E. 123), is not applicable where the purchaser at the tax sale is not the person bound to pay the tax, but another, who is in no way bound for its payment, and who purchases it upon his own account." *Miller* v. *Jennings*, 168 *Ga.* 101 (147 S. E. 32).

2. Where the equity which remains in the owner of real estate after the execution of a security deed is acquired by another through mesne conveyances from the owner, expressly made subject to such security deed, the person so acquiring such equity is not, as between himself and the holder of the security deed, bound to pay taxes which accrued against the property before execution of the security deed,—that is, before either of them acquired any interest in the property. *Bank of the University* v. *Athens Savings Bank*, 107 *Ga.* 246 (33 S. E. 34).

3. Where in these circumstances the property was sold to an outsider to satisfy the prior tax lien and the property was not redeemed within the time prescribed by law (Civil Code of 1910, §§ 1169, 1170), the title of the purchaser at the tax sale became absolute as against both the holder of the security deed and the owner of the equity; and where the purchaser at the tax sale thereafter conveyed the property to the person who had held the equity therein, the latter would thereby acquire a good title as against the holder of the security, there being, as between

the two last named, no duty on the part of either to pay the taxes so far as the other was concerned. *Verdery* v. *Dotterer*, 69 *Ga.* 194, 198; *Beckham* v. *Lindsey*, 22 *Ga. App.* 174 (95 S. E. 745). Cases like *Elrod* v. *Owensboro Wagon Co.*, 128 *Ga.* 361 (4) (57 S. E. 712), and *Bourquin* v. *Bourquin*, 120 *Ga.* 115 (4, 5) (47 S. E. 639), were predicated upon the proposition that one of the parties owed to the other a duty to pay the taxes, and for that reason are distinguished from the case at bar. See, in this connection, Civil Code (1910), § 1018; *National Bank of Athens* v. *Danforth*, 80 *Ga.* 55 (7 S. E. 546); *Jordan* v. *Baggett*, 37 *Ga. App.* 537 (2) (140 S. E. 902).

4. Upon the questions ruled above, the present case is controlled by the decisions in *Miller* v. *Jennings*, and *Bank of the University* v. *Athens Savings Bank*, supra, to which, if in conflict, the decision in *Johnson* v. *King Lumber Co.*, 39 *Ga. App.* 280 (4) (147 S. E. 142), will yield as authority.

5. Where the holder of such security deed, after obtaining a judgment upon notes secured thereby and himself becoming the purchaser of the property at an execution sale made in pursuance of such judgment, applied to the superior court for an order to require the sheriff to place the applicant in possession of the property, the court did not err in refusing the application, where it appeared from the evidence that the execution of the writ of possession as applied for would require the officer to dispossess another person who held the property under a valid independent title. A title resulting from a tax sale of the character indicated above, and acquired by the respondent under the circumstances stated, would constitute sufficient ground for refusing the application. Civil Code (1910), §§ 6056, 6073, 6074; *Mattlage* v. *Mulherin*, 106 *Ga.* 834 (32 S. E. 940); *Bigelow* v. *Smith*, 23 *Ga.* 318 (2).

6. The respondent prayed that the application for the writ of possession be denied, that the title be decreed to be in himself, and that the deed executed by the sheriff to the applicant be delivered up and canceled as a cloud on the respondent's title. The trial judge, who heard the case by consent without a jury, entered a judgment and decree denying the application and granting each of the affirmative prayers of the respondent (see Civil Code of 1910, §§ 5406, 5407, 5410, 5412; *McCall* v. *Fry*, 120 *Ga.* 661, 48 S. E. 200). *Held*, that, whether or not the allegations and prayers for cancellation as made in the response might have been subject to special demurrer on the ground that the defendant in fi. fa. was not a party to this proceeding, the failure to make him a party did not render the pleading inadequate to support the judgment, or render the judgment subject to a direct exception upon that ground, no question of nonjoinder having been made by demurrer or otherwise before judgment. *Cason* v. *United Realty Co.*, 158 *Ga.* 584 (123 S. E. 894); *Roberts* v. *Burnett*, 164 *Ga.* 64 (7) (137 S. E. 773); *Hogan* v. *Morris*, 7 *Ga. App.* 232 (4) (66 S. E. 550).

*Judgment affirmed. All the Justices concur.*

No. 9065. February 28, 1933. Rehearing denied March 4, 1933.

634

*A. C. Corbett,* for plaintiff.

*Grant & Long* and *J. A. McCurdy Jr.,* for defendants.