NEWSOM *v.* DADE COUNTY *el al.*

No. 9190.   SEPTEMBER 14, 1933.   REHEARING DENIED SEPTEMBER 26, 1933.

*Oliver R. Hardin,* for plaintiff.

*McClure, Hale & McClure,* for defendants.

BELL, J.   On August 4, 1931, certain lands of B. W. Newsom, situated in Dade County, Georgia, were sold by the sheriff under executions for State and county taxes due by Newsom for the years 1925 to 1930, inclusive, and for county-wide and local-district school taxes for certain years. The property was bid in by I. H. Wheeler, ordinary, for the use of the county, and a deed was made by the sheriff to the ordinary accordingly, the ordinary being the officer in charge of the county affairs. This deed purported to have been executed on the day of the sale. On June 3, 1932, Newsom filed a petition against the county and the ordinary, seeking an injunction to prevent a sale of the property by the defendants before the time claimed by the plaintiff as the expiration of the redemption period. The judge sustained a general demurrer and dismissed the petition, and the plaintiff excepted.

The sheriff's deed, according to the copy attached to the petition, recited that the property was purchased by the county for a stated amount representing the taxes, interest, and costs due under the executions, and the deed acknowledged receipt of this amount. The petition alleges, however, that the county "merely gave credit on its books to the tax-collector on the date of said sale," and "has not paid anything for said property, except costs of sheriff and publisher," these items having been paid on February 17, 1932, and April 2, 1932, respectively. The county has not settled with the proper authorities for the State or local taxes, nor have these taxes been paid by any person acting for the county. The petition further alleges that the plaintiff had the right to redeem the property at any time within twelve months from the actual payment by the county of the amount of its bid, whereas the county is claiming that the redemption period will expire at the end of twelve months from the date of the sale, and is threatening to assume complete control of the property at the expiration of this period, and to sell the same "in small tracts to numerous purchasers." If this is done, it will subject the plaintiff "to a multiplicity of suits with purchasers of said property," and will impose great injury and hardship "both upon plaintiff and upon innocent persons not parties hereto, and the defendants herein could not be benefited thereby." The plaintiff has "no adequate remedy at law." He prays that an in-

junction be granted restraining the defendants "from the sale of any of the property described" in the sheriff's deed, and that the injunction "be made of continuing force until twelve months have elapsed from the date of payment of the money the defendants are required by law to pay, unless sooner redeemed by the plaintiff." The petition contained no allegation as to tender, or as to any intention by the plaintiff to exercise the right of redemption.

Section 1178 of the Civil Code of 1910 provides that the proper county officers are authorized, under certain circumstances, "to purchase and hold in their official capacity any real property offered for sale by virtue of tax fi. fas.," but not to bid for such property more "than the amount of taxes and costs," and further provides that "said county authorities, upon bidding in any property as herein provided, shall draw their warrant on the county treasurer to pay to the officers the costs due on said tax fi. fas., and accruing costs in effecting said sales." Whether, under a proper construction of this section, the county authorities may "bid in" the property without actually paying the amount of the taxes, it is plainly required that they "shall draw their warrant on the county treasurer to pay to the officers the costs due on said tax fi. fas., and accruing costs in effecting said sales." In *Wood* v. *Henry,* 107 *Ga.* 389 (33 S. E. 410), it was held, that, "relatively to the right of the owner to redeem the land, the sale will not be considered as complete until payment of the purchase-money by the bidder, and the owner has twelve months from the time of such payment within which to tender the money to the purchaser for the purpose of redemption." It was further said that "the owner will not be considered in default for a failure to make such tender before the purchaser has fully complied with his bid by the payment of the money." See also *Cason* v. *United Realty Co.,* 158 *Ga.* 584 (5) (123 S. E. 894). So, regardless of whether the law required actual payment of the amount of the taxes included in the county's bid, a sale to the county is not complete as a tax sale before the issuance of a warrant on the county treasurer for the amount of the officers' costs and the other lawful expenses in effecting the sale, and in the meantime the statute would not begin to run against the owner's right of redemption.

The petition alleged that the sheriff's costs and the advertising fee were not paid until February 17 and April 2, 1932, respectively.

Hence the twelve-months exemption period did not begin to run before April 2, 1932. The petition, filed on June 3, 1932, alleged that the ordinary of Dade County "threatens to assume complete control of the property under and by virtue of his deed at the expiration of one year from the date of said deed, and sell said property in small tracts to numerous purchasers." While a purchaser of land at a tax sale may have the right to transfer or convey such conditional or inchoate title as he acquired at such sale, he is not entitled to possession and can not make an absolute conveyance until the time for redemption has expired. *Elrod* v. *Groves,* 116 *Ga.* 468 (42 S. E. 731) ; *Morrison* v. *Whiteside,* 116 *Ga.* 459 (42 S. E. 729). The county was claiming that its title and right of possession would become absolute on August 4, 1932, which was twelve months from the date of the sale; whereas, according to the plaintiff's allegations, such period would not begin before April 2, 1932, and would therefore not expire before April 2, 1933. The petition alleged in effect that the ordinary was about to assume control of the property as complete owner, and intended to resell the same absolutely in small tracts to numerous purchasers at a time when he had no right to do so; that the action proposed by the ordinary would subject the plaintiff to a multiplicity of suits "with purchasers of said property;" and that the plaintiff had no adequate remedy at law. The allegations of fact supported these conclusions.

The plaintiff was not required to tender the amount of the taxes in order to maintain the present action. He had the right to redeem the property at any time within twelve months from April 2, 1932, and was in the meantime entitled to such a preservation of the status as would prevent an encumbrance or involvement of his right of redemption. There is no necessity for tender in a case like the present.

It can not be said that the petition failed to show reasonable grounds for the apprehension of injury by unwarranted acts on the part of the ordinary, or that the plaintiff had a complete and adequate remedy at law. Civil Code (1910), §§ 5490-5493; *Brown* v. *Kendrick,* 161 *Ga.* 734 (2) (132 S. E. 386). The petition stated a cause of action for the injunctive relief sought, and the court erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. All the Justices concur, except*

616

GILBERT, J., who dissents for the reason that there are no allegations of fact tending to show an intention of the county to sell any part of the land. The allegations in that respect amount to mere apprehensions or conclusions of the pleader. Moreover, any purchaser would, as a matter of law, take only such title as the county holds; that is, with the right of redemption by the defendant in the tax fi. fa.