## VEAL v. VEAL, administrator.

No. 13749. JUNE 20, 1941. REHEARING DENIED JULY 10, 1941.

*Lester F. Watson,* for plaintiff in error.

*Blackshear & Blackshear,* contra.

BELL, Justice. The facts are sufficiently indicated in the head-notes. As between the plaintiff in execution and the administrator, it was the duty of the latter to pay the taxes during the course of administration; and the title to the realty having vested in the heirs at law subject only to administration for the payment of debts and distribution, such duty as to payment of taxes extended, at least morally or equitably, to the heirs at law, since the administrator was a mere trustee holding the land for their benefit. While such burden would rest equally upon all of the heirs at law, the claimant being one of several, this fact would not exclude the principle stated in the Code, § 92-8105. See §§ 85-1004, 85-1005; 54 A. L. R. 896; 85 A. L. R. 1537. Accordingly, as against such plaintiff in execution, the claimant could not strengthen his title by purchasing the property at a tax sale; nor could he do so indi-

rectly by purchasing from another person who had purchased at such a sale; and this is true even though he purchased from the latter after the period of redemption had expired. The conclusion here reached accords with the rulings in *Union Central Life Insurance Co.* v. *Bank of Tignall,* 182 *Ga.* 233 (185 S. E. 108), and *Caffey* v. *Parris,* 186 *Ga.* 303 (2) (197 S. E. 898). Nor is it contrary to the decision in *Edwards* v. *Hall,* 176 *Ga.* 632 (168 S. E. 254), where it appeared that an owner of realty conveyed different estates therein to different grantees, the legal title to one as security for a debt, and the remaining equity to another. It was held in effect that as between a remote grantee of such equity and the holder of the security deed, there was no duty upon either with respect to the other to pay taxes that accrued before execution of the security deed, that is, before either estate was conveyed by the tax debtor, and consequently that the principle stated in the Code, § 92-8105, was inapplicable. It is thus seen that the facts of that case were materially different from those here under consideration, and that the decision is not authority for the present claimant.

The evidence demanded the verdict as directed by the court in favor of the plaintiff in fi. fa. and against the heir at law as claimant. There was no merit in either of the special grounds of the motion for new trial, and the court did not err in overruling the motion. *Judgment affirmed. All the Justices concur.*