HARDIN *et al. v.* COUNCIL *et al.*

No. 15374.   MAY 14, 1946.   REHEARING DENIED JUNE 6, 1946.

824

828

*R. L. Maynard* and *H. B. Williams,* for plaintiffs in error.

*R. R. Jones, Hollis Fort,* and *Dykes & Dykes,* contra.

BELL, Chief Justice. As shown in the statement, this case involves correlative rights of tenants in common. It comes to this court on exceptions to the overruling of a general and special demurrer to the petition as amended, and to the overruling of another demurrer to an intervention filed by Sumter County. The judgment overruling the latter demurrer will be affirmed, as requested by the demurrant, the excepting party.

It appears from the petition that in the year 1914 a described tract of land in Sumter County was conveyed to John M. Council and Harris S. Council, by a deed under which they acquired the land as tenants in common. In 1925 they conveyed the land to Federal Land Bank of Columbia, South Carolina, to secure a loan of $15,000, and the controversy here relates solely to a one-half undivided interest in the equity of redemption that remained in them after the execution of such security deed. More particularly, it involves the equitable half interest that remained in the cotenant Harris S. Council after such conveyance to Federal Land Bank.

The plaintiff, Mrs. John M. Council, widow and sole heir at law of the other cotenant, who died in 1937, claims that, by virtue of adverse possession of the whole equitable interest under color of title, begun by her husband in 1933 and continued by her after his death until the filing of the present suit in 1945, she acquired a seven-years' prescriptive title to the whole equitable interest as against Harris S. Council and those claiming under him. Code, § 85-407.

The color of title under which the plaintiff claims came into existence in the following manner: In 1930, the named cotenants conveyed their equity in the land to Growers Finance Corporation to secure a loan of $7500, as evidenced by a promissory note for

this sum; that is, they conveyed the land for this purpose, subject to the security deed that had been made to Federal Land Bank. On January 17, 1933, Growers Finance Corporation sold the land under a power of sale contained in such security deed, and itself became the purchaser at and for the sum of $100. On the same date, Growers Finance Corporation conveyed the property, to wit, the whole interest in the equity of redemption, to John M. Council for a recited consideration of $100, and the deed to him was duly recorded on February 14, 1933. This deed is the "color of title" under which Mrs. Council claims.

It further appears from the petition that in November, 1928, before the security deed was made to Growers Finance Corporation, Harris S. Council conveyed his half interest in the equity of redemption to Planters Bank of Americus, by a deed purporting to secure an individual debt of Harris S. Council to such bank, due in 1929. The deed contained a power of sale, and was duly recorded. Mrs. John M. Council is seeking by her petition to have this deed cancelled as a cloud on her title, and also to enjoin the sale of such undivided interest under the power of sale contained in such deed.

■ It is our opinion that the petition did not state a cause of action. We consider first whether the plaintiff's allegations were sufficient to show adverse possession as against a cotenant. As to this question, she does not show or attempt to show any better right than her husband would have had if he had lived and had brought a suit containing similar allegations. It may also be stated that, unless the petition showed adverse possession against the cotenant, Harris S. Council, it showed none as against those claiming under him in virtue of his security deed to Planters Bank. Accordingly, we may deal with the case as if it were a suit between such original cotenants.

Where the other elements of prescription are present, adverse possession of land, commenced in good faith and continued for seven years, under written evidence of title, will give title by prescription. Code, § 85-407. For present purposes, we may assume that the instrument relied on as color of title could have been taken in good faith by John M. Council as a conveyance to him in his own exclusive right. Compare *Lee* v. *O'Quin*, 103 *Ga.* 355 (3) (30 S. E. 356); *Quarterman* v. *Perry*, 190 *Ga.* 275 (2)

(9 S. E. 2d, 61) ; *Fraser* v. *Dolvin,* 199 *Ga.* 638 (34 S. E. 2d, 875). Nevertheless, "There may be no adverse possession against a cotenant until actual ouster, or exclusive possession after demand, or express notice of adverse possession; in any of which events the cotenant may sue at law for his possession." Code, § 85-1005. The allegations with respect to adverse possession have been quoted verbatim in the statement preceding this opinion. They do not show that there was exclusive possession after demand, or that there was express notice of adverse possession. Indeed, the only contention made in the plaintiff's brief as to this phase is that there was an actual ouster. So, the substantial question is, whether the allegations touching the deed of January 17, 1933, from Growers Finance Corporation to John M. Council, and as to possession and other acts following its execution, were sufficient to show an actual ouster. This deed purported to convey the entire estate in the land subject only to the security deed that had been made by John M. Council and Harris S. Council to Federal Land Bank. It emanated, however, from a transaction in which these cotenants had conveyed such equitable interest to Growers Finance Corporation to secure a debt; after which the property was sold by the corporation to itself under the security deed for $100, and was then in turn conveyed by the corporation to John M. Council for the same amount as consideration. In the circumstances, this conveyance appeared to be nothing more than the removal of an encumbrance from the common property, so far as such tenants in common were concerned.

It is generally held that tenants in common sustain such a confidential relation to each other, with respect to their interests in the common property and the common title under which they hold, that it would be inequitable to permit one of them, without the consent of the others, to buy an outstanding adversary's claim to the common estate and assert it for his exclusive benefit, to the injury or prejudice of his cotenants; and if one cotenant does actually acquire such a claim, he is, unless the contrary appears, to be regarded as holding it in trust for the benefit of his cotenants in proportion to their respective interests. The rule is subject to some exceptions, and does not go beyond the reason which supports it, but we see no reason for an exception in this case. Hodgson *v.* Federal Oil & Development Co., 274 U. S. 15 (47 Sup. Ct.

502, 71 L. ed. 901, 54 A. L. R. 869); Gilb v. O'Neill, 225 Ala. 92 (142 So. 397, 85 A. L. R. 1526). On the contrary, the rule would apply with even greater force, where the outstanding claim, as here, sprang from an encumbrance to which the purchasing cotenant was himself a liable party. *Bourquin* v. *Bourquin,* 120 *Ga.* 115 (47 S. E. 639); *Veal* v. *Veal,* 192 *Ga.* 503 (15 S. E. 2d, 725); *Bank of Tupelo* v. *Collier,* 191 *Ga.* 852 (2) (14 S. E. 2d, 59); Toole v. Lawrence, 144 Neb. 779 (14 N. W. 2d, 607, 153 A. L. R. 671).

"Every tenant in common shall have the right to possess the joint property, and as long as he occupies no greater portion of it than his own share would be on division, and does not withdraw from it any of its essential value, such as mineral deposits, he shall not be liable to account for rent to his cotenant; but if he receives any rent or other profit, or commits any waste, or if he by any means deprives his cotenant of the use of his fair proportion of the property, or if he appropriates all to his exclusive use, or if the property is of such a character as that the use of it must necessarily be exclusive, he shall be liable to account to his cotenant." Code, § 85-1003. It is thus provided that, upon certain conditions, one cotenant shall be liable to account, but the section declares nothing with respect to ouster. That one cotenant may occupy more than his proportionate share of the property, or even that he may be in possession of all of it, does not necessarily imply an ouster, the presumption being that his possession is not adverse, but is in common with the others, or for the common benefit, unless and until the contrary appears. *Daniel* v. *Daniel,* 102 *Ga.* 181 (3) (28 S. E. 167); *Harris* v. *Mandeville,* 195 *Ga.* 251 (4) (24 S. E. 2d, 23); 14 Am. Jur. 94, § 23; 62 C. J. 423, 424, §§ 30, 31. " 'The entry and possession of one joint tenant or tenant in common being, prima facie, in support of his cotenant's title, to constitute an adverse possession there must be some notorious and unequivocal act indicating an intention to hold adversely, or an actual disseisin or ouster. The silent and peaceable possession of one tenant, with *no* act which can amount to an ouster of his cotenants, is not adverse; so either actual notice of the adverse claim must be brought home to the latter, or there must have been unequivocal acts, open and public, making the possession so visible, hostile, exclusive, and notorious that notice may fairly be pre-

sumed, and the statute of limitations will begin to run only from the time of such notice.' . . Exclusive possession, therefore, by a cotenant alone will be presumed not an adverse holding, but simply one in support of the common title." *Morgan* v. *Mitchell,* 104 *Ga.* 596, 598 (30 S. E. 792). "To constitute disseisin of a tenant in common by his cotenants, there must be outward acts of exclusive ownership of an unequivocal character, overt and notorious, and of such a nature as by their own import to impart information and give notice to the cotenants that an adverse possession and an actual disseisin are intended to be asserted against them." *Roumillot* v. *Gardner,* 113 *Ga.* 60, 62 (38 S. E. 362, 53 L. R. A. 729); 62 C. J. 424, 428, §§ 31, 35. Nor will the making of ordinary improvements by a tenant in possession constitute an ouster of other cotenants. *Hunt* v. *Harris,* 149 *Ga.* 225 (3) (99 S. E. 884); *Warner* v. *Hill,* 153 *Ga.* 510 (4a) (112 S. E. 478); *New Winder Lumber Co.* v. *Guest,* 182 *Ga.* 859 (187 S. E. 63). Accordingly, if we should consider only the allegations with respect to exclusive possession, payment of taxes, and the making of improvements, it would be very clear that the petition does not show an ouster.

What, then, is the effect of the additional allegations with respect to the deed from Growers Finance Corporation to John M. Council? Although it appears that this deed was promptly recorded, yet even if such record constituted any notice whatever to the other cotenant, it did not put him on notice of an *adverse claim,* since, unless and until the contrary appeared, he had the right to regard the purchasing tenant as holding such title or claim for the common benefit, subject to contribution for the expenditure incurred. *Ward* v. *Parks,* 166 *Ga.* 149 (4b) (142 S. E. 690); Holley *v.* Hawley, 39 Vt. 525 (94 Am. D. 350); Johns *v.* Scobie, 12 Cal. 2d, 618 (86 Pac. 2d, 820, 121 A. L. R. 1404); Gilb *v.* O'Neill, 225 Ala. 92 (supra). See also, in this connection, *Georgia Railroad & Banking Co.* v. *Wright,* 124 *Ga.* 596 (18) (53 S. E. 251); Carpenter *v.* Fletcher, 239 Ill. 440 (88 N. E. 162); Peabody *v.* Burri, 255 Ill. 592 (99 N. E. 690); 1 Am. Jur. 826, §§ 55, 56; 14 Am. Jur. 119-128, §§ 50-59; 62 C. J. 433, 438, §§ 38, 49.

The allegations as to adverse possession were couched in mere general terms, such as might be found in an ordinary claim of

prescriptive title, and when properly construed most strongly against the pleader, they do not show such an exceptional state of facts as would be necessary to constitute an actual ouster. Counsel for the plaintiff rely on the following decisions by this court to support their contention to the contrary, especially in view of the allegations with respect to the deed from Growers Finance Corporation: *Norris* v. *Dunn,* 70 *Ga.* 796; *Roumillot* v. *Gardner,* 113 *Ga.* 60 (supra); *Bowman* v. *Owens,* 133 *Ga.* 49 (2) (65 S. E. 156). The *Norris* case did not involve a purported sale either to or by a tenant in common. The two other cases were each based upon a deed or transfer to a stranger. Compare *Horne* v. *Howell,* 46 *Ga.* 9; *Cain* v. *Furlow,* 47 *Ga.* 674; *McDowell* v. *Sutlive,* 78 *Ga.* 142 (2 S. E. 937). There is a material difference between the effect of a deed or transfer by a tenant or tenants in common purporting to convey the whole estate to a stranger, and a transaction in which such a deed or transfer is made by an outsider to a tenant in common. In the former case, possession by the grantee may amount to an ouster or disseisin, while in the latter case a different rule applies. Gearhart *v.* Gearhart (Mo.) 213 S. W. 31, 6 A. L. R. 1076; Dew *v.* Garner, 207 Ala. 353 (92 So. 647, 27 A. L. R. 5); Laing *v.* Gauley Coal Land Co., 109 W. Va. 263 (153 S. E. 577, 71 A. L. R. 436); 1 Am. Jur. 826, §§ 55, 56.

The petition was not helped by the averments that Hardin, one of the defendants, is not a bona fide holder for value of the notes secured by the deed from Harris S. Council to the Planters Bank, that the deed itself was wholly without consideration, and that the advertisement did not correctly describe the property. These facts might be of concern to Harris S. Council, but they do not aid the plaintiff in her claim of adverse possession as against such security deed. *Sewell* v. *Holland,* 61 *Ga.* 608 (3).

■ Moreover, the petition was subject to general demurrer for the additional reason that it showed upon its face that the intestate died leaving a debt which he and Harris S. Council together owed to Federal Land Bank and which has not been paid. The petition thus showed prima facie that the plaintiff as his widow and sole heir at law was not entitled to maintain the action, there being no allegation that there was no administrator, or that there was an administrator and he assented to the suit. "Upon the death of the owner of any estate in realty, which estate survives him, the

title shall vest immediately in his heirs at law, subject to be administered by the legal representative, if there is one, for the payment of debts and the purposes of distribution. If there is a legal representative, the right to recover such realty shall be in him; if there is none, the heirs may sue in their own names. The title to all other property owned by a decedent shall vest in the administrator of his estate for the benefit of the.heirs and creditors." Code, § 113-901. "Upon the death of the husband without lineal descendants, the wife is his sole heir, and upon the payment of his debts, if any, may take possession of his estate without administration." Section 113-903 (1). "Upon the appointment of an administrator, the right to the possession of the whole estate is in him, and, as long as such administration continues, the right to recover possession of the estate from third persons is solely in him. If there is no administration, or if the administrator appointed consents thereto, the heirs at law may take possession of the lands or may sue therefor in their own right." Section 113-907. "The administrator may recover possession of any part of the estate from the heirs at law, or purchasers from them; but in order to recover lands, it is necessary for him to show upon the trial, either that the property sued for has been in his possession, and without his consent is now held by the defendant, or that it is necessary for him to have possession for the purpose of paying the debts or making a proper distribution. An order for sale or distribution, granted by the ordinary after notice to the defendant, shall be conclusive evidence of either fact." Section 113-908.

If the petition had been silent both as to debts and as to administration, seemingly it would have been subject to special demurrer but not to general demurrer. *Crummey* v. *Hamilton,* 114 *Ga.* 746 (3) (40 S. E. 765); *Yopp* v. *Atlantic Coast Line R. Co.,* 148 *Ga.* 539 (2) (97 S. E. 534); *Phillips* v. *Phillips,* 163 *Ga.* 899 (1) (137 S. E. 561). But, as was further ruled in the *Phillips* case (headnote 7): "In order for a widow to be the personal representative of her deceased husband who died leaving no lineal descendants, in the sense that she may sue or be sued as the representative of the estate, it is essential that at the time of the institution of the suit there be no outstanding debts against the estate." See also *Greenfield* v. *McIntyre,* 112 *Ga.* 691 (38 S. E. 44); *Jackson* v. *Butts,* 148 *Ga.* 312 (3) (96 S. E. 630); *Tidwell*

v. *Garrick,* 149 *Ga.* 290 (1) (99 S. E. 872) ; *Reed* v. *Norman,* 157 *Ga.* 183, 185 (2) (121 S. E. 310) ; *Yerbey* v. *Chandler,* 194 *Ga.* 263 (3) (21 S. E. 2d, 636).

While the debt shown by the instant petition was a secured debt, this did not keep it from being a debt within the meaning of the Code, § 113-903 (1), supra. Only the true owner can maintain a suit for cancellation, and the plaintiff here alleged facts showing prima facie that she is not as yet entitled to be treated as the true owner for the purpose of such a suit. *Flannery & Co.* v. *Hightower,* 97 *Ga.* 592 (6) (25 S. E. 371) ; *Weyman* v. *Atlanta,* 122 *Ga.* 539 (1) (50 S. E. 492). Nothing to the contrary was ruled in any of the following cases cited for the plaintiff: *Collins* v. *Henry,* 155 *Ga.* 886 (118 S. E. 729) ; *Hoyt* v. *Ware,* 156 *Ga.* 98 (118 S. E. 734) ; *Payne* v. *Nix,* 193 *Ga.* 4 (17 S. E. 2d, 67).

Ground 6 of the demurrer, as quoted in the statement of facts, seems to contend only that the allegations did not show that the plaintiff was entitled to tack her possession to the prior possession of her husband. However this may be, and whether that ground be general or special, yet since the petition showed affirmatively that the plaintiff's husband died owing a debt which has not been paid, the petition was subject to attack under the general ground that it did not state a cause of action.

We do not deem it necessary to pass upon other questions raised by the demurrer.

*Judgment affirmed as to Sumter County, and reversed as to Mrs. Council. All the Justices concur.*