23891. SHELNUTT v. BANK OF HANCOCK COUNTY.

MOBLEY, Justice. The appeal in this case is from the order sustaining appellee's oral motion to dismiss the petition on the ground that it fails to state a cause of action for the relief sought. Mrs. Evie Johnson Shelnutt, petitioner, sought to enjoin appellee, Bank of Hancock County, from selling certain residential property under the power of sale in a security deed, which property she obtained, subject to the security deed, as a year's support from the estate of her deceased husband, and to have the security deed canceled as having been paid in full. The material allegations of the petition are as follows: (1) That certain described residential property was owned by petitioner's husband at the time of his death and was set apart to petitioner as a year's support in 1965; (2) that, at the time of the death of petitioner's husband, he owed defendant, Bank of Hancock County, a "total indebtedness of $10,600.17" and the bank held as security for said debt two security deeds on three separate tracts of land owned by petitioner's husband; (3) that one deed dated December 6, 1960, covered some 271 acres of land and a vacant lot in the City of Sparta and provided for any and all indebtedness owed by her said husband at that time or any that was to become due and all future advancements made to him by the defendant bank; (4) that on July 5, 1966 appellee sold the properties covered by the December, 1960 deed under foreclosure sale, receiving a total of $24,-700 therefor; (5) that the entire indebtedness owed defendant by petitioner's husband has been paid in full by virtue of the foregoing sale; (6) that defendant is now at-

tempting to sell the residential property under the second security deed when this deed should have been marked paid in full and canceled of record. *Held:*

Petitioner, who alleges no interest in herself in the properties covered by the December, 1960 security deed, is endeavoring to take advantage of the "dragnet" or open-end clause contained in the deed of December, 1960, which provides that the property in the deed could serve to satisfy any indebtedness then due or to become due by the grantor, petitioner's husband, to the defendant. For her claim to succeed would require compelling the defendant bank to apply the surplus from the foreclosure sale to the debt secured by the year's support property. To do so would jeopardize the interest or interests of any other heir or devisee who, at the death of petitioner's husband, succeeded to the equitable estate in the 271 acre tract and the vacant city lot, the properties secured by the December, 1960 deed. *Code Ann.* § 113-901 (Ga. L. 1943, pp. 236, 237); *Gay v. Radford,* 207 Ga. 38 (1) (59 SE2d 915); *Delray Inc. v. Reddick,* 194 Ga. 676, 683 (4) (22 SE2d 599, 143 ALR 519); *Veal v. Veal,* 192 Ga. 503 (3a) (15 SE2d 725); *Stonecypher v. Coleman,* 161 Ga. 403 (131 SE 75). The petition fails to join as parties those who have such interest and who would be entitled to receive the surplus of the proceeds from the foreclosure sale as successors to the equitable estate.

Any judgment affecting the surplus, which is considered realty for the purpose of distribution to the heirs, would affect the interests of such heirs, or devisees, of the deceased husband. Hence, said heirs or devisees are necessary or indispensable parties to the instant proceeding and failure to join them renders the petition subject to general demurrer or, in this case, an oral motion to dismiss, for failure to state a cause of action. *Kenner v. Kenner,* 214 Ga. 381 (104 SE2d 896); *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524).

Under this ruling we do not reach the question as to whether appellee can be required to apply the surplus to pay the debt secured by petitioner's property she received as a year's support.

The trial court did not err in sustaining defendant's motion to dismiss the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 10, 1967—DECIDED JANUARY 19, 1967—
REHEARING DENIED FEBRUARY 9, 1967.

76

*Eva L. Sloan, Joseph B. Duke,* for appellant.

*G. L. Dickens, Sr., G. L. Dickens, Jr., J. Edward Hall,* for appellee.