## SOUTHERN RAILWAY COMPANY *et al. v.* REYNOLDS,

### and *vice versa.*

1. There having been evidence introduced by the plaintiff which would authorize the jury to find in his favor, a nonsuit was properly refused; and in such a case it was not error to refuse to direct a verdict for the defendant.

2. Whether the defendant railroad company and its engineer, who is a codefendant in the action, were negligent in the running of its locomotive and train, and whether, if negligent, that negligence was the proximate cause of plaintiff's injuries, being questions for decision by the jury, it was not error for the court to refuse written requests to charge which contained, in effect, instructions that before the plaintiff could recover it should be made to appear from the evidence that the injury was inflicted by the wilful misconduct of the defendants.

3. The court is not bound to charge in the exact language of a request; and a new trial will not be granted because of a refusal to charge as requested, when the charge given substantially covers the request. *Battle* v. *State,* 105 *Ga.* 705.

4. Exceptions to certain portions of the court's charge which were applicable to the issues made by the pleadings and evidence, and were correct statements of the law, are without merit.

5. A charge which manifestly, from the evidence, does not mislead the jury, is not ground for a new trial, though it may have been inapplicable to the facts of the case. The error may be treated as harmless.

6. The charge was not subject to the criticism that "the court erred in failing to charge the jury the law applicable to a joint action against a master and servant, which would authorize a verdict against both jointly," it appearing from an inspection of the charge that this question was fully covered by instructions which were even more favorable to the defendant than he was entitled to.

7. The verdict in this case was not excessive.

Argued June 5,—Decided November 10, 1906.

Action for damages.    Before Judge Roan.    DeKalb superior court.   January 17, 1906.

*H. L. Parry* and *John J. Strickland,* for plaintiffs in error in the main bill. *Burton Smith* and *J. A. Branch,* contra.

Reynolds, by his next friend, brought suit against the railway company and Tedder, a locomotive engineer, for an injury alleged to have been occasioned by the negligence of the defendants. The material facts testified to by the plaintiff were as follows: Plaintiff was crossing over defendant's track at a public crossing, when he struck his foot against the rail and fell on the track, and was seized with a fit or fainting spell. The train was not in sight when he started to cross, but he heard it down the track after he had fallen on the track. He was unable to get off the track, because of the fainting spell, but he twisted around and got all off but one foot, which was crushed by the wheels of the train and had to be amputated between the knee and ankle. The train was running at an unusual rate of speed, and failed to blow for the crossing. Plaintiff was ten years old at the time of the injury. Defendant alleged that plaintiff was injured while attempting to swing on to the train, and not as plaintiff claimed. There was some evidence to show that the train was running about ten miles an hour, though other evidence tended to show that the rate of speed was not so high. The boy was not seen by any of the train crew, according to their testimony; and the engineer and fireman testified that they did not know that the boy was injured, until afterwards. The jury found for the plaintiff $7,500.

BECK, J. (After stating the facts.) 1. The court below did not err in refusing to grant a nonsuit, nor in refusing to direct a verdict for the defendants. There was evidence from which the jury were authorized to find, that the plaintiff was injured on a public crossing by the running of defendant company's train, that the engineer negligently failed to observe the blow-post law, that he did not check the speed of his train as he approached the crossing where the injury was inflicted upon the plaintiff; and if the plaintiff's testimony is accepted as true, it was through no fault of his own that he was on the crossing when the train passed. Whether the plaintiff was entitled to a verdict was a question that the court should have submitted to the jury, and this was done.

2. In subdivisions 4 and 5 of the sixth ground of the motion, exceptions are taken to the court's refusal to give in charge to the jury certain written charges requested. There was, however, no

error in refusing the written requests now under consideration. In both of them there were embraced propositions which in substance instructed the jury that before they would be authorized to find for the plaintiff, they should believe from the evidence not only that the engineer, Tedder, was guilty of negligence in certain particulars there set forth, but that it should be made to appear from the evidence that there was "wilful and wanton conduct" on the part of said engineer. The exact language of counsel in a part of one of these requests is as follows, "I charge you that in order to find a verdict for the plaintiff against either of the defendants in this case, you must be satisfied, by a preponderance of the evidence, not only that the plaintiff was injured as he alleges, but that the injury was the result of the wilful or wanton act of the defendant Tedder." And in the other request refused is embraced the following instruction: "The burden is on the plaintiff to show, in the first place, that he was injured as alleged by him; in the second place, that he was injured by the two defendants, as alleged by him; in the third place, that the injury was inflicted by the wilful misconduct of the two defendants, or by such reckless and wanton conduct on the part of both as amounted to wilful conduct." Such instructions as these would have placed upon the plaintiff a burden heavier than that which the law intends that he shall be made to carry. It having been alleged in the petition that the defendant Tedder was an employee or servant of the defendant company, and they having been sued jointly for the commission of the acts of negligence which resulted in the plaintiff's injury, it was essential to the maintenance of plaintiff's action that the liability of the servant or agent of the company should be made to appear. That liability, however, is made to appear where the evidence shows that such agent has failed to use reasonable care and diligence in the performance of his duty, and such misfeasance results in injury to a third person. When once an agent "enters upon the performance of his contract with his principal, and in doing so omits, or fails to take reasonable care in the commission of, some act which he should do in its performance, whereby some third person is injured, he is responsible therefor to the same extent as if he had committed the wrong in his own behalf. See 2 Clark & Skyles on Agency, 1297 et seq. Misfeasance may involve also to some extent the idea of not doing; as where an agent engaged in the performance of his undertaking does not do

something. which it is his duty to do under the circumstances, or does not take that precaution or does not exercise that care which a due regard to the rights of others requires.   All this is not doing; but it is not the not doing of that which is imposed upon the agent merely by virtue of his relation, but of that which is imposed upon him by law as a responsible individual in common with all other members of society.   It is the same not doing which constitutes actionable negligence in any relation." *Southern Ry. Co.* v. *Grizzle,* 124 *Ga.* 737.   In the case just cited there is no hint that "wilful or wanton conduct" upon the part of the agent is an essential element of his responsibility and liability to those who are injured through his failure to exercise the proper degree of care and diligence.   When he enters upon the performance of some undertaking which he has contracted with his principal to perform, his negligent failure to observe reasonable care and diligence in the performance of the duty undertaken would create a liability on his part to a third person who receives injury, and whose injury is the proximate result of such omission.

3. The court was requested to give the following charge: "If you believe, from the evidence, that the plaintiff Reynolds was not injured in the manner as claimed, but that he was attempting to swing the train as it passed, and in so doing got injured, then I charge you that he can not recover in this case." The court's failure to give it is complained of.   But this exception can scarcely be regarded as meritorious, in view of the fact that the court did instruct the jury as follows:   "The burden is upon the plaintiff to prove that he received the injury that he is alleged to have received by the running of the defendant's train in the manner alleged. . . If he received it otherwise,—in other words if he was injured ever so badly and received it by trying to swing the train by the side of it, he would not be entitled to recover a cent, because that is different from the way he has alleged it in his declaration."

4. In the 7th, 8th, 15th, and 16th grounds of the motion, the following portions of the court's charge, numbered respectively (1), (2), (3), (4), are excepted to.   (1) "At the outset of this case the burden is upon the plaintiff to prove that he received the injuries that he is alleged to have received by the running of the defendant's train in the manner alleged.   In other words, gentlemen, the burden is upon the plaintiff to show that he received these

alleged injuries upon the public-road crossing set out in his declaration, at the crossing or upon the crossing." (2) "Your first inquiry will be, did the plaintiff's injuries, if any injuries be shown, occur by the running of the cars or locomotives of the defendant company, as charged in the declaration?" (3) "Whatever the statute positively requires the defendants to do in the way of blowing the whistle, or checking the speed of the train, he was bound as a matter of law to do; but outside of these legal requirements, what would be required of them by the definition of ordinary care, as applicable to what you believe the facts to be in the present case, is a question for the jury." (4) "Gentlemen, in that connection I will charge you that due care in a child of tender years is such care as its capacity, mentally and physically, fits it for exercising in the actual circumstances of the occasion and situation under investigation." These several instructions state correct principles of law, and were not inappropriate under the evidence, and no error is made to appear in any of the four grounds last referred to.

5. The 9th, 10th, 11th, 12th, and 14th grounds of the motion complain that the court gave in his charge certain sections of the code covering in part the subject of crossings. It would have been better had some portions of these sections been omitted, because there were no facts to which they were applicable; but the inapplicability being clear, the jury could scarcely have been misled by them, and their having been given in charge does not constitute reversible error.

6. The criticism upon the charge of the court embraced in the 17th ground of the motion is sufficiently dealt with in the 6th headnote.

7. The verdict is not excessive, and there is nothing in the record to show that in making a verdict in this case the jury took into consideration any facts or evidence other than that which had been properly submitted for their consideration in the case on trial.

*Judgment on main bill of exceptions affirmed. Cross-bill of exceptions dismissed. All the Justices concur.*