## 5186.　BURCH *et al. v.* KING *et al.*

1. A deed conveying land to B "and the heirs of her body after her death," to have and to hold the land to the said B, "her heirs and assigns in fee simple," conveys a life-estate to B, with remainder over to the heirs of her body.
2. One who executes a written instrument purporting to convey to another the right to use timber for turpentine purposes on lands of a third person may be sued as a joint trespasser with one who enters upon the land under authority of the instrument and boxes and works for turpentine purposes the pine trees growing thereon.

DECIDED JANUARY 20, 1914.

Trespass; from city court of Abbeville—Judge Nicholson. August 12, 1912.

*Hal Lawson,* for plaintiffs. ·

*J. L. Bankston, Whipple & McKenzie,* for defendants.

POTTLE, J. This was an action to recover damages for trespass in boxing and working for turpentine purposes pine timber on lands claimed by the plaintiffs. The petition was dismissed on demurrer, and they excepted. Two questions are raised by the demurrer: (1) whether the deed under which the plaintiffs claimed conveyed to them title to the premises in dispute; and (2) whether the mere execution of a lease or deed to turpentine privileges on land makes the lessor or grantor such a joint trespasser with those who enter upon the land under authority of the instrument as to authorize a joint suit against the lessor and those actually committing the trespass, in the county in which the latter reside.

1. The plaintiffs are the children of S. C. Burch, who died prior to the institution of the action. They claim under a deed executed to their mother, and the defendants claim under the administrator of the mother's estate. The deed under which the plaintiffs claim conveyed the land upon which the timber is situated "unto S. C. Burch and the heirs of her body after her death," "to have and to hold the said bargained property, with all the rights thereunto appertaining, unto the said S. C. Burch, her heirs and assigns in fee simple." Were it not for the habendum clause in the deed, there would be no difficulty in holding that a life-estate was conveyed to S. C. Burch, with remainder over to her children. Similar language has been so construed several times by the Supreme Court. In *Goodrich* v. *Pearce, 83 Ga.* 781 (10 S. E. 451), it was held that a devise to a son, "and after his death to his children," gave a life-estate to the son, and the remainder to his child or children if he should leave any, whether he had a child or children at the time of the bequest or not. Similar language was likewise construed in *Cobb* v. *Wrightsville &c. Railroad Co.,* 129 *Ga.* 377 (58 S. E. 862). See also: *Crawley* v. *Kendrick,* 122 *Ga.* 183 (50 S. E. 41, 2 Ann. Cas. 643) ; *Cooper* v. *Mitchell Investment Co.,* 133 *Ga.* 769 (66 S. E. 1090, 29 L. R. A. (N. S.) 291) ; *Johnson* v. *Sun Fire Ins. Co.,* 3 *Ga. App.* 430 (60 S. E. 118). It is contended, however, that, construing the deed as a whole, it must be held that the intention of the grantor was to convey a fee-simple estate to S. C. Burch. If the granting clause is utterly inconsistent with the habendum, the former will prevail, and the habendum

clause will be disregarded. *Parker* v. *Smith,* 140 *Ga.* 789 (80 S. E. 12). But, by express statute, with us all technical rules must be disregarded, so as to give effect to the intention of the maker of the instrument, "if the same can be gathered from its contents." Civil Code, § 3650. The law favors the vesting of estates, and it is provided that every conveyance "shall be construed to vest the fee, unless a less estate is mentioned and limited" in the conveyance. Id. Looking at this deed as a whole, there is no more reason for disregarding the language of the granting clause than for disregarding that of the habendum clause. The defendants propose to disregard the words "heirs of her body after her death;" for unless these words be given the effect to which their plain meaning entitles them, they must be disregarded entirely. It is perfectly clear from the language of the deed, other than that of the habendum clause, that the purpose of the grantor was to create a life-estate in S. C. Burch, with remainder over in fee to the heirs of her body, which means children and descendants of children. Civil Code, § 3660. In the habendum clause there is nothing amounting to an express assertion contrary to this declared intention; so that, taking the whole deed together, the habendum clause can not be held to enlarge into a fee an estate which the deed had previously expressly limited to a life-estate.

2. Joint trespassers are suable in the county of the residence of either. Civil Code, § 6541. One who maliciously procures an injury to be done is a joint wrong-doer with the perpetrator. Civil Code, § 4469. A suit may be brought against one who commits a trespass "either by himself, his servant, or agent in his employment." Civil Code, § 5517. "One who procures or assists in the commission of a trespass or does any act which ordinarily induces its commission is liable therefor as the actual perpetrator." *Burns* v. *Horkan,* 126 *Ga.* 161 (54 S. E. 946). In the decision cited, a number of authorities are referred to, from which it appears to be well settled that any one who procures or assists in the commission of a trespass, or directs or requests that it be done, or does an act which ordinarily or naturally produces the trespass, is liable jointly with the actual perpetrator. See also: *Brooks* v. *Ashburn,* 9 *Ga.* 297; *Graham* v. *Dahlonega Gold Mining Co.,* 71 *Ga.* 296; *Chattahoochee Brick Co.* v. *Goings,* 135 *Ga.* 529-535 (69 S. E. 865, 22 Ann. Cas. 1912A, 263); *Williams* v. *Inman,* 1 *Ga. App.* 321 (57

S. E. 1009). In *Baker* v. *Davis,* 127 *Ga.* 649 (57 S. E. 62), it was held that if one commits trespass by wrongfully cutting the timber upon land by direction of another, both may be sued as joint wrong-doers. The exact question in the present case seems never to have been decided by the courts of this State, but, under the principle of the decision above cited, the action was well brought against the lessor and the lessee in the county of the lessee's residence.

The point has been expressly decided by other courts. In the English case of Leame *v.* Bray, 3 East, 595, Lord Ellenborough held that the maker of the instrument might be sued in trespass, because "he is the causa causans, the prime mover of the damage to the plaintiff." Other decisions follow this doctrine and hold the maker liable in trespass with the actual perpetrator, upon the theory that the maker has put in motion the thing which subsequently induced the party to commit the trespass. The execution of the conveyance amounts to an assertion of the maker's right to use the property, and is equivalent to counseling and directing the grantee or lessee to commit the trespass. In Dreyer *v.* Ming, 23 Mo. 434, it was held that where A, claiming to own land belonging to B, sold timber on the land to C, who cut and removed it, A was liable to B, as principal trespasser, for the value of the timber cut and taken away by C. In London *v.* Bear, 84 N. C. 266, it was held that trespass would lie against both the lessor and the lessee, though the lessor did not participate in the trespass otherwise than by executing the lease. See also: Wall *v.* Osborne, 12 Wend. (N. Y.) 40; Sanborn *v.* Sturtivant, 17 Minn. 200; Meehan *v.* Edwards (Ky.) 19 S. W. 179. In the present case it is alleged that one of the defendants executed the lease or license to the other defendants to commit the trespass for which damages are claimed. This was equivalent to counseling or directing the trespass, and. all who concurred in it were jointly liable and subject to be sued in the county of the residence of either.

The court erred in sustaining the demurrer.

*Judgment reversed.*