## 9196. CARTER v. THE STATE.

BROYLES, P. J. 1. Upon a trial under an accusation based upon section 22 of the act of the General Assembly of Georgia, approved March 28, 1917 (Acts of Extraordinary Session, March 20-28, 1917, p. 18), when the evidence for the State shows that the apparatus for the distilling or manufacturing of whisky was found upon the defendant's premises, and that the defendant was in actual possession of the premises, such evidence, by the express terms of the act, is prima facie evidence that the defendant had knowledge of the fact that the apparatus was located upon his premises; and the burden of proof is then upon him to show that he had no such knowledge.

2. Under the ruling in the preceding note, and the facts of this case, it was not error for the court to fail to charge the jury upon the law of circumstantial evidence.

3. In the absence of a timely written request, the court did not err in failing to explain to the jury what the term "premises" meant.

4. The court did not err in giving the following charge: "I charge you that it is necessary upon the part of the State to prove, among other things, that the apparatus for the distilling or manufacturing of the liquors named, or any of them as named in said accusation, was found upon premises in this county in the actual possession of the defendant, or located thereon, and was found or located thereon since the 28th day of March, 1917."

5. There was some evidence which authorized the verdict; and it having been approved by the trial judge, this court has no authority to interfere.        *Judgment affirmed. Bloodworth and Harwell, JJ., concur.*
                    DECIDED DECEMBER 19, 1917.

Accusation of misdemeanor; from city court of Blackshear —Judge Mitchell. August 4, 1917.

*J. R. Thomas,* for plaintiff in error.

*S. F. Memory, solicitor,* contra.

---

## 9197. WILLIAMSON v. THE STATE.

BLOODWORTH, J. There is no merit in the special grounds of the motion for new trial. The evidence is sufficient to support a conviction, and no error was committed when a new trial was refused.
            *Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*
                    DECIDED DECEMBER 19, 1917.

Accusation of sale of liquor; from city court of Blackshear— Judge Mitchell. August 4, 1917.

*J. R. Thomas,* for plaintiff in error.

*S. F. Memory, solicitor,* contra.