## 11221.  ATKINSON *v.* THE STATE.

BROYLES, C. J.  The defendant was convicted, under section 22 of the act of 1917 (Ga. Laws, Ex. Sess. 1917, p. 18), of knowingly permitting apparatus for the manufacturing or distilling of intoxicating liquors to be located on his premises.  There was no evidence that authorized a finding that the land upon which the apparatus was discovered was owned, controlled, or possessed by the defendant.  His conviction, therefore, was contrary to law and the evidence, and the court erred in overruling his motion for a new trial.  See *Alexander* v. *State*, ante, 175.

> *Judgment reversed.  Luke and Bloodworth, JJ., concur.*
> DECIDED APRIL 13, 1920.

Indictment for misdemeanor; from Taliaferro superior court — Judge Walker.  November 28, 1919.

It was testified that sprouted corn malt, such as is used for making liquor, was found in the buggy shelter of John Atkinson (the defendant), and that there was a still making liquor in the edge of a swamp or thicket about 350 yards behind his house and about 100 yards from the edge of his cotton field; it was about as far from his house as from the house of his father, Henry Atkinson.  A witness for the State testified that he supposed the still was on John's land or land he controlled, but that he (the witness) had no means of knowing this "except general appearances and the fact that his cotton field ran near there."  The defendant in his statement at the trial said that the still was not on his land or on land that he had control of, and he had nothing to do with the 'still, and that his farm was rented from his father.  Henry Atkinson testified that the defendant "had no control or rights as to the woods where the still was found."

*J. A. Beazley,* for plaintiff in error.

*R. C. Norman, solicitor-general, Alvin G. Golucke,* contra.