## 13467.  MALCOM *v.* THE STATE.

Whether the accused had knowledge of the existence of the still on his premises was a question for the jury; and the verdict of guilty was authorized.

The charge of the court as to possession was not subject to the exceptions taken; and the court did not err in not charging the law as to circumstantial evidence.

DECIDED JUNE 13, 1922.

Accusation of misdemeanor; from city court of Monroe — Judge Felker.  March 14, 1922.

The grounds of the motion for a new trial in addition to the general grounds were:

" That the court erred in charging the jury as follows: ' The defendant is indicted under the prohibition law passed in 1917 [Act Ex. Sess. 1917, p. 18].  Section 22 of that act reads as follows: " Section 22. . . It shall be unlawful for any corporation, firm, or individual in this State, to knowingly permit or allow any one to have or possess or locate on his premises any apparatus for the distilling or manufacturing of the liquors and beverages specified in this act.  When any such apparatus is found or discovered upon said premises the same shall be prima facie evidence that the person in actual possession had knowledge of the existence of the same, and on conviction therefor shall be punished as prescribed in section 16 of this act, the burden of proof in all cases being upon the person in actual possession to show the want of knowledge of the existence of such apparatus on his premises." '  Movant contends that the charge was error without charging the jury as to what ' actual possession ' was, under the law, and as to actual possession and constructive possession."

" That the court erred in failing to charge the jury the law of circumstantial evidence, as the evidence in this case is entirely circumstantial in its character, and the law of this case necessarily demanded such charge without a written request." · In a note to

these grounds the trial judge said: " The question of actual possession was not made an issue or discussed by counsel in the argument, the main issue being, under the evidence, whether or not the defendant had knowledge of the still on his farm where he lived. The court, however, stated the contentions of the counsel for the State and the defendant, and hypothetically applied the same to the section of the act read to the jury. As the defendant admitted actual possession, or that he lived on the place, and as the witness testified that the still was found on the defendant's farm where he lived, in his pasture, and as no point was made as to actual or constructive possession, the court did not explain the difference, but dealt alone with actual possession, in charging the section of the act. There was neither oral nor written request to charge on constructive or actual possession, . . or to charge on circumstantial evidence."

*Orrin Roberts, E. W. Roberts,* for plaintiff in error.

*J. C. Knox, solicitor,* contra.

LUKE, J. 1. The defendant was convicted of the offense of knowingly permitting, allowing, having, and possessing on his premises an apparatus for the distilling and manufacture of intoxicating liquors. The evidence is positive that a still for the distilling of intoxicating liquors was found on his premises. In his statement on the trial he denied knowledge of the existence of the still, but did not deny that the still was found in a pasture in his actual possession. He offered evidence of his good character and some circumstantial evidence to the effect that he had no knowledge of the existence of the still upon his premises. Whether he had knowledge of the existence of the still upon land in his actual possession was a question for the jury. This court cannot say that the verdict, which has the approval of the trial judge, was without evidence to support it. See *Carter* v. *State,* 21 *Ga. App.* 493 (94 S. E. 630).

2. The two special grounds of the motion for new trial complaining of errors in the court's charge are without merit. Since the defendant's conviction was not dependent wholly and entirely upon circumstantial evidence (see *Carter* v. *State* (2), supra), and since there was no request for a more full and complete charge upon the question of actual possession of the lands upon which the still was found, the charge of the court was as full as the

defendant had a right to expect. It was not error, for any reason assigned, to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*