### 13754.  NEVILLE *v.* THE STATE.

LUKE, J. 1. Where a person indicted for having located on his premises an apparatus for the distilling and manufacture of liquors, under the act of 1917 (Act Ex. Sess. 1917, p. 18), admits that the still was so located, and the evidence in the case shows indications that other stills were located there, and the jury convicts the defendant, this court cannot say the evidence was insufficient to sustain the verdict,— and this notwithstanding that the defendant's statement on the trial, supported by other evidence, was to the effect that he had no knowledge of the still, or of its location, until the day before it was found. The defendant himself made out a prima facie case for the State; the burden of showing his want of knowledge of the existence of the apparatus was

upon him (act of 1917, supra, section 22), and the question whether he carried this burden was a jury question resolved against him.

2. The showing for a continuance, based on the absence of a certain witness, failed to come up to the statutory requirements; but even had it done so, it is highly improbable that the testimony which he was expected to give, that he knew who was running the still when he was there, would have changed the verdict.

3. Where the judge charged that if the jury believed beyond a reasonable doubt that the defendant knowingly permitted one to have and possess on his premises an apparatus for the manufacture of liquor of any kind, they should convict, and in other portions of his charge instructed them that in arriving at a reasonable doubt as to the guilt or innocence of the prisoner, they should look to the evidence as delivered from the stand and the prisoner's statement, and that a reasonable doubt may arise from the want or insufficiency of evidence, or from the circumstances of the case, and further correctly charged the law as to the defendant's statement, there is no merit in a ground of the motion for a new trial that the judge erred in failing to charge that the jury's belief of guilt must arise from the evidence. *O'Halloran* v. *State*, 22 *Ga. App.* 799-800 (97 S. E. 264); *Lazenby* v. *Citizens Bank*, 20 *Ga. App.* 57 (4) (92 S. E. 391); *Smith* v. *State*, ante, 178.

4. Though it would have been better to mention seriatim the liquors and beverages set out in the indictment than to have stated that defendant would be guilty if he knowingly permitted or allowed any one to possess or locate on his premises an apparatus for the purpose of manufacturing "liquor of any kind," yet the indictment did enumerate "spirituous, vinous, malted, fermented, and intoxicating liquors." The judge charged that the question for determination was whether the defendant was guilty of the crime charged in the indictment, and, further, that the apparatus inhibited was one for the distilling and manufacturing of liquors and beverages "in this article." In view of the above, there is no merit in the 3d ground of the amendment to the motion for a new trial.

  *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

     DECIDED NOVEMBER 17, 1922.

Indictment for misdemeanor; from Wilkes superior court — Judge Shurley. May 20, 1922.

*F. H. Colley, Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.