### 19033. JOHNSON *v.* THE STATE.

BLOODWORTH, J. 1. Under the ruling in *Carter* v. *State*, 21 *Ga. App.* 493 (94 S. E. 625), and the facts of this case, it was not error for the court to fail to charge the jury on the law of circumstantial evidence.

2. The evidence was sufficient to authorize the jury to conclude that apparatus for distilling and manufacturing intoxicating liquors was located on premises in the actual possession of the accused. Indeed he did not deny this. Such evidence, by the express terms of the law (Act 1917. Ex. Sess., p. 18), is prima facie evidence that the person in actual possession had knowledge of the fact that the apparatus was located on his premises, and the burden of proof is on him to show that he had no such knowledge. Whether or not he had such knowledge is a jury question which has been determined against him, and in this we can not say that the jury erred. *Malcom* v. *State*, 28 *Ga. App.* 627 (112 S. E. 651); *Neville* v. *State*, 29 *Ga. App.* 232 (114 S. E. 720).

*Judgment affirmed. Broyles, C. J., and Luke, J, concur.*

DECIDED JULY 10, 1928.

*R. C. Jenkins,* for plaintiff in error.
*Joseph B. Duke, solicitor-general,* contra.