ZUGAR *et al. v.* SCARBROUGH *et al.*

No. 12192. JUNE 18, 1938.

318

*Julius Rink* and *McClure & McClure,* for plaintiffs.

*Rosser & Shaw,* for defendants.

BELL, Justice. ■ The first question for decision is whether the court erred in sustaining the special ground of the defendants' demurrer which assailed the allegations of the petition as to excessive levy, because the plaintiffs had not paid or offered to pay the amount of the taxes lawfully due. He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit. Code, § 37-104. Under this maxim it has been held that "One seeking relief from excessive tax levies, but admitting, either expressly or by necessary implication, that he owes part of the tax covered by such executions, must pay or offer to pay the amount of the taxes admitted to be due, in order to obtain the relief sought." *Peoples Credit Clothing Co.* v. *Atlanta,* 173 *Ga.* 653 (160 S. E. 873) ; *Wilkinson* v. *Holton,* 119 *Ga.* 557 (46 S. E. 620) ; *Clark* v. *C. T. H. Corporation,* 181 *Ga.* 710 (11) (184 S. E. 592). To this general rule, however, there are some exceptions. *Cf. Bibb County* v. *Elkan,* 184 *Ga.* 520 (2), 525 (192 S. E. 7). The allegations are sufficient to show that the sale was void for excessive levy. *Williams* v. *Forman,* 158 *Ga.* 89 (5) (123 S. E. 20) ; *Thomas* v. *Crawford,* 175 *Ga.* 863 (166 S. E. 437) ; *Brantley* v. *Hicks,* 177 *Ga.* 812 (171 S. E. 451) ; *Clark* v. *C. T. H. Corporation,* supra; *Elyea Inc.* v. *Cenker,* 182 *Ga.* 287 (185 S. E. 253), s. c. 184 *Ga.* 179 (190 S. E. 585). T. M. Quillian, one of the defendants, was the purchaser at the tax sale. The petition alleged that after the sale Quillian contracted to sell the property to another person, and that persons claiming under his vendee have taken possession of the land and have removed therefrom timber of the value of $2,000 and coal of the value of $1500, or "other like large" sums. The plaintiffs sought an accounting as to the defendants other than Quillian, and prayed for general relief as to all of them. In the petition and in the amendment the plaintiffs expressed their willingness

for the court to decree in favor of Quillian a lien against the land for the amount of the taxes involved in the sale to him. Under the facts stated, the duty of the plaintiffs to do equity relates only to the defendant Quillian, since he alone was the purchaser at the tax sale, and it does not appear that the other defendants have paid any sum for the plaintiffs' use. Since Quillian, however, later contracted to sell the property to another person, and caused the other defendants to take possession under his vendee, he may be held liable as a joint trespasser with them. *Burns* v. *Horkan,* 126 *Ga.* 161 (3) (54 S. E. 946); *Burch* v. *King,* 14 *Ga. App.* 153 (2) (80 S. E. 664); *Morris* v. *Gibson,* 35 *Ga. App.* 689 (134 S. E. 796).

It appears from the allegations that the damage from the trespasses exceeds by far the amount of the taxes for which the plaintiffs are accountable in equity. While the petition did not pray for an accounting as to Quillian, it contained a prayer for general relief as to all of the defendants, under which, in view of the allegations, an accounting from Quillian could be granted. *McGarrah* v. *Bank of Southwestern Georgia,* 117 *Ga.* 556 (2) (43 S. E. 987); *Broderick* v. *Reid,* 164 *Ga.* 474 (2) (139 S. E. 18); *Ætna Life Ins. Co.* v. *Dorman,* 179 *Ga.* 890 (177 S. E. 703). Since it thus appears from the petition that each of the defendants is liable to the plaintiffs in a sum greater than the amount of the taxes for which the property was sold, and that the plaintiffs are virtually asking for an accounting from all of them and are willing to do equity in the premises, the allegations with reference to excessive levy and the prayer for cancellation were not deficient for the failure to allege a previous tender of the amount of the taxes. As to this question, the case seems to be controlled by the decision in *Wynne* v. *Fisher,* 156 *Ga.* 656 (119 S. E. 605). Although in that case cancellation of a deed was sought on the ground of mental incapacity of the grantor, the principle ruled is applicable here. The court, speaking through Mr. Justice Hines, said: "The petition alleges that the defendant has been in possession, receiving the rents and profits of the premises. Plaintiff prays for an accounting by the defendant therefor; and that the correct amount of his [the defendant's] lien on the premises be declared and set up. In view of these facts, no formal tender of the actual amount which may be due the defendant was necessary; and the petition

should not have been dismissed on demurrer on this ground." See also *Mayer* v. *Waterman,* 150 *Ga.* 613 (104 S. E. 497). The present case is distinguished by its facts from *Picquet* v. *Augusta,* 64 *Ga.* 516. In that case the property of Picquet was sold under an execution for city taxes and was purchased by Freeman, to whom the city sheriff made a deed. In the original and a supplemental petition to which the city and Freeman were made defendants, the plaintiff prayed for cancellation of such deed, offering only to allow the city to deduct the amount of his taxes from the amount paid by Freeman at the tax sale. There was no damage to the property for which either of the defendants appeared to be liable, as in the case at bar. As was stated by this court, the plaintiff's offer, if accepted, would have resulted in the payment of his taxes out of Freeman's money, although the sheriff's deed to Freeman would be canceled if the litigation terminated in favor of the complainant. Manifestly, that decision has no bearing upon the present controversy. Whether or not the conclusion reached in the instant case is contrary to the decision in *Snell* v. *Spalding Foundry Co.,* 180 *Ga.* 582 (2) (180 S. E. 218), that decision was not concurred in by all the Justices, and is not absolutely binding as authority upon this court. The present writer, who prepared the opinion for the court in that case, has on further reflection become somewhat doubtful of its correctness as *applied to a pleading;* but in any view of this question the facts of the case were different from those here under consideration. It follows from what has been said that the court erred in sustaining the special ground of demurrer which attacked the plaintiffs' allegations in regard to excessive levy.

◼ The effect of the ruling upon the demurrer was to permit the plaintiffs to introduce evidence only upon the issue of whether the amount of the successful bid at the tax sale had been paid within the meaning of the rule that the owner may redeem the property at any time within twelve months from the completion of the sale. At the close of the evidence the court directed a verdict in favor of the defendants. Therefore the question for decision is whether the evidence demanded the conclusion that the amount of the bid, or the purchase-money, was paid in terms of the law. In *Wood* v. *Henry,* 107 *Ga.* 389 (33 S. E. 410), it was held, that, "relatively to the right of the owner to redeem the

land, the sale will not be considered as complete until payment of the purchase-money by the bidder, and the owner has twelve months from the time of such payment within which to tender the money to the purchaser for the purpose of redemption." It was further said that "the owner will not be considered in default for a failure to make such tender before the purchaser has fully complied with his bid by payment of the money." For other decisions to the same effect, see *Newsom* v. *Dade County,* 177 *Ga.* 612 (2) (171 S. E. 145), s. c. 180 *Ga.* 403 (179 S. E. 89); *Baxley State Bank* v. *Douglas,* 185 *Ga.* 743 (196 S. E. 405). It is insisted by the defendants, that, although the amount of the bid was not paid to the sheriff or levying officer, the amount of the taxes was actually applied according to law, as the result of an adjustment between the county commissioners and the tax-collector, who acted for the purchaser at the tax sale; also that the sheriff's costs and other expenses of the sale were duly paid; all more than twelve months before the present action was instituted. Do these facts show payment of the bid and completion of the sale, within the rule as to the owner's right of redemption? This question, we think, should be answered in the negative. Sales under tax executions shall be made under the rules governing judicial sales. Code, §§ 92-8102, 92-8107. After twelve months from the completion of the sale, it is the duty of the levying officer to put the purchaser in possession of land sold under a tax fi. fa., as in other cases. Code, § 92-8108; *Morrison* v. *Whiteside,* 116 *Ga.* 459 (42 S. E. 729); *Elrod* v. *Groves,* 116 *Ga.* 468 (42 S. E. 731); *Newsom* v. *Dade County,* 177 *Ga.* 612, 615 (supra).

It follows that, as to the tax sale here under consideration, payment of the purchase-money should have been made to the sheriff, who made the levy and conducted the sale. Code, §§ 39-101, 39-1101, 39-1201, 39-1301, 39-1312. In *Cason* v. *United Realty & Auction Co.,* 158 *Ga.* 584 (5), 586 (123 S. E. 894), it was said: "The power to sell property for unpaid taxes is derived from the statutes. If there is failure in respect to any of the requirements, it is fatal and the sale is invalid. 'It is therefore accepted as an axiom, when tax sales are under consideration, that a fundamental condition of their validity is that there should have been a substantial compliance with the law in all proceedings of which the sale was the culmination. This would be the general rule in

all cases in which a man is to be divested of his freehold by adversary proceedings; but special reasons make it peculiarly applicable to the case of tax sales.' 3 Cooley on Taxation, 2726, § 1382; *Brown* v. *Powell,* 85 *Ga.* 603, 606 (11 S. E. 866); *Norris* v. *Coley,* 100 *Ga.* 547, 552 (28 S. E. 222); *Bennett* v. *Southern Pine Co.,* 123 *Ga.* 618, 620 (51 S. E. 654)." The plaintiffs, as the owners of the property involved in this case, were entitled to rely upon the sheriff to make a legal sale and collect the purchase-money. It was to him that they were entitled to go to ascertain when the sale was complete and to determine when the period of redemption would begin to run. The right of redemption is a substantial one, and should not be left in doubt or entanglement. Under the facts of this case, the plaintiffs could not have determined anything with regard to this right without a circuitous inquiry involving several officials and the advertising medium. The law did not place such a duty upon them. Even if the county and all others received what was due, there was no substantial compliance with the law as concerned the right of the plaintiffs, especially their right of redemption. See, in this connection, *Phillips* v. *Behn,* 19 *Ga.* 298 (5); *Jones* v. *Thacker,* 61 *Ga.* 329 (5); *Carr* v. *Georgia Loan & Trust Co.,* 108 *Ga.* 757 (6) (33 S. E. 190); *Simmons* v. *Cook,* 109 *Ga.* 553 (34 S. E. 1033).

Furthermore, the sum at which the property was sold by the sheriff was $575, whereas the principal and interest due on all of the fi. fas. at the date of the sale amounted to only $484.36. It does not appear that this sum together with the officers' costs and the other expenses of the sale would have consumed the entire purchase-money. On the contrary, it is a fair deduction from the evidence that after the satisfaction of all proper charges there remained a substantial sum as a balance of the purchase-money. Code, §§ 24-2823, 39-1105, 92-8002. "If there is any excess after paying taxes, costs, and all expenses of sale, it shall be immediately paid to the person authorized to receive it." Code, § 92-8106. The plaintiffs in the instant case were the persons authorized to receive such overplus, and the sheriff was the proper official to pay it. The evidence does not show that it was paid to them by any one. The fact that such "excess" was never paid to the sheriff, or settled in any manner, would furnish an additional reason why the sale was not complete.

324

From what has been said, the evidence would have authorized, if it did not demand, a finding that the tax sale was never completed by the payment of the purchase-money in terms of the law, so as to cause the twelve-months period of redemption to commence. Compare *Wilson* v. *Herrington,* 86 *Ga.* 777 (2) (13 S. E. 129); *County of Laurens* v. *Citizens Bank,* 9 *Ga. App.* 662 (2) (72 S. E. 67). The court erred in directing the verdict in favor of the defendants. The plaintiffs have not contended that the sale was absolutely void, but have sought only to pursue the right of redemption. Consequently nothing said in the foregoing opinion should be construed as an expression or intimation upon whether the sale was valid and subject only to such right. See, in this connection, Re Auditor-General, 275 Mich. 53 (265 N. W. 763, 104 A. L. R. 813, and cit. in note). The transactions here under consideration occurred before the passage of the act of March 31, 1937 (Ga. L. 1937, p. 491), in reference to redemption after tax and other like sales, and are not affected by that statute.

*Judgment reversed. All the Justices concur.*