## 26981. FIELDS v. THE STATE.

BROYLES, C. J.   1. On a trial under an indictment charging the defendant with knowingly allowing apparatus for distilling whisky to be located on his premises, where the evidence for the State snows that the apparatus was found on his premises, and that he was in actual possession of the premises, such evidence, by the express terms of the statute (Ga. L. Ex. Sess. 1917, p. 18), "is prima facie evidence that the defendant had knowledge of the fact that the apparatus was located upon his premises; and the burden of proof is then upon him to show that he had no such knowledge." *Carter* v. *State*, 21 *Ga. App.* 493 (94 S. E. 630).

2. In the instant case it was shown by the evidence, and admitted by the defendant in his statement to the jury, that the distilling apparatus was found on his premises which were in his actual possession. The sole defense was that the accused had no knowledge of the presence of the apparatus until he saw the officers pull it out of his "wood-pile" near his house. Whether the apparatus was there with or without his knowledge was a question for the jury; and the burden of proof was on him to show lack of such knowledge. *Malcom* v. *State*, 28 *Ga. App.* 627 (112 S. E. 651); *Carter* v. *State*, supra.

3. Under the preceding rulings and the facts of this case, the evidence connecting the defendant with the offense charged was not wholly circumstantial, and the failure of the court to give in charge to the jury the law of circumstantial evidence was not error. *Carter* v. *State*, supra.

4. The evidence amply authorized the verdict.

Judgment affirmed. MacIntyre and Guerry, JJ., concur.

DECIDED SEPTEMBER 20, 1938.

*W. L. Nix*, for plaintiff in error.
*Frank Simpson*, solicitor-general, *E. J. Clower*, contra.