30884, 30892. PICKRON *v.* GARRETT *et al;* and *vice versa.*

DECIDED SEPTEMBER 7, 1945. REHEARING DENIED OCTOBER 17, 1945.

*P. Z. Geer, Miller & Miller,* for plaintiff.

*J. M. Cowart, Joe M. Ray, A. H. Gray,* for defendants.

PARKER, J. (After stating the foregoing facts.) ■ The demurrer of the Garretts, the two defendants who did not reside in Randolph County, to the petition of the plaintiff, presents the contention that the essential allegations constitute an action in trover, and that the case as made by the petition sounded in trover and not in trespass. While some of the allegations sound much like an action in trover, and the question raised by the demurrer is not free of all doubt, we think that the court correctly construed the action as being in trespass, and properly overruled the demurrer. Even if the petition be construed as an action in trover, it is nevertheless based on a trespass. Joint trespassers residing in different counties may be sued in either county. Code, § 2-4304. "One who procures or assists in the commission of a trespass, or does an act which ordinarily and naturally induces its commission, is liable therefor as the actual perpetrator." *Burns v. Horkan,* 126 *Ga.* 161 (3) (54 S. E. 946). One who makes a

written instrument purporting to convey to another sawmill rights in certain timber on lands of a third person may be sued as a joint trespasser with the person taking the conveyance who enters upon the land under the writing and cuts the sawmill timber thereon. *Burch* v. *King,* 14 *Ga. App.* 153 (80 S. E. 664) ; *Zugar* v. *Scarbrough,* 186 *Ga.* 310, 320 (197 S. E. 854). Counsel for the Garretts commendably concede that the plaintiff might sue all three defendants for a joint trespass in the county of the residence of either, and we think that the action was rightly construed as an action in trespass, under the authorities cited. We do not think that the holding in *Milltown Lumber Co.* v. *Carter,* 5 *Ga. App.* 344 (63 S. E. 270), relied on by counsel filing the demurrer, requires a different ruling.

■ The decision of the trial court overruling the plaintiff's demurrer to the motion in arrest of judgment filed by the Garretts, the action in striking the plaintiff's answer to the motion in arrest of judgment, and the ruling sustaining the motion—thus setting aside the verdict of the jury and the judgment thereon—can best be considered together. The basis of the motion in arrest of judgment was that the verdict exonerated Burgin, the only resident defendant; and that the court thereby lost jurisdiction of the Garretts, and the verdict against them alone was void as to them. Counsel for the plaintiff quite candidly concede that, if the position of the Garretts is well taken, all three of the rulings respecting the motion in arrest of judgment were correct. It seems to us that the clear-cut question presented has been definitely answered by this court. In a case apparently similar on its facts to this case, this court held that, where the only two defendants against whom the verdict was rendered resided out of the county, and the finding of the jury was in favor of the one defendant on account of whose residence in the county of the suit the court acquired jurisdiction, it was proper to arrest the judgment, on motion of the defendants against whom the verdict was returned. See *Turner* v. *Shackleford,* 39 *Ga. App.* 49 (2) (145 S. E. 913). The same rule was applied by this court in a trover suit brought against three persons jointly, only one of them residing in the county in which suit was filed. *Christain* v. *Terry,* 36 *Ga. App.* 815 (138 S. E. 244). The rule was recognized and applied by the Supreme Court in an action for damages for an alleged false imprisonment.

*Warren* v. *Rushing,* 144 *Ga.* 612 (87 S. E. 775). We think that the three rulings in connection with the motion in arrest of judgment as complained of were correct, and that the judgment taken on the verdict was properly arrested and set aside.

Special grounds 1, 2, 3, and 7 of the amended motion for new trial attack the verdict, contending that it is totally null and void for uncertainty, ambiguity, repugnancy, and inconsistency; and that it is contrary to law because it does not cover the issues made by the pleadings and the evidence. "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." Code, § 110-105. Verdicts are to be upheld if capable of legal intendment, construed in the light of the pleadings, the issues made by the evidence, and the charge of the court; the presumptions are in favor of the validity of a verdict, and if possible a construction will be given that will uphold it. *McCollum* v. *Thomason,* 32 *Ga. App.* 160 (2) (122 S. E. 800); *Swain* v. *Georgia Power & Light Co.,* 46 *Ga. App.* 794 (169 S. E. 249); *Douglas Motor Co.* v. *Watson,* 68 *Ga. App.* 335, 338 (22 S. E. 2d, 766). "The verdict shall cover the issues made by the pleadings, and shall be for the plaintiff or defendant." Code, § 110-101. It has been held, under this section, that a verdict will be set aside for a failure to cover the issues involved. *Tompkins* v. *Corry,* 14 *Ga.* 118 (2); *Central Railroad* v. *Freeman,* 75 *Ga.* 331 (8).

The verdict under consideration is in these words: "We, the jury, find for the plaintiff against B. M. and B. A. Garrett, to pay for 70,000 feet stumpage at $8.00 per thousand, amounting to $560.00." Manifestly this verdict is neither uncertain nor ambiguous. Its meaning is plain and clear. It is in favor of the plaintiff, but is against only two of the defendants, B. M. Garrett and B. A. Garrett; and by implication it is a finding in favor of the other defendant, R. F. Burgin. See *Van Leonard* v. *Eagle & Phœnix Mfg. Co.,* 60 *Ga.* 544; *Maynard* v. *Ponder,* 75 *Ga.* 664 (1-c). The trial court, as well as counsel for the defendants, correctly construed the verdict as being in favor of Burgin, in its ruling on the motion in arrest of judgment, and we are affirming that ruling. Whether the verdict was void for repugnancy and inconsistency, is the controlling question. "A verdict that is contradictory and repugnant is void, and no valid judgment can be

entered thereon. A judgment entered on such a verdict will be set aside." *Fleming* v. *Collins,* 190 *Ga.* 210, 214 (3) (9 S. E. 2d, 157). Here we have a verdict *for* the defendant who actually cut the plaintiff's timber, according to his admission in open court that he cut the timber in dispute, and the apparent finding of the jury that the plaintiff owned it; and a verdict *against* the other defendants who sold the timber to the first defendant. Two verdicts are embraced in the one. As stated by counsel for the plaintiff, there is an *express* verdict against the Garretts and an *implied* verdict in favor of Burgin, found on the same testimony and based on the same pleadings. We think that these two separate and distinct findings are irreconcilably inconsistent. The verdict in favor of Burgin was in effect a finding that he committed no trespass on the plaintiff's timber, and this was wholly repugnant to the finding that the Garretts did commit such trespass and were liable therefor. If Burgin committed no trespass, it necessarily follows that the Garretts committed none. They were guilty, if at all, because of Burgin's acts in cutting the timber, coupled with their own acts in selling it to him. It took their acts and Burgin's to place responsibility on the Garretts. It will not do to say that the jury evidently reasoned that Burgin was innocent, and therefore not liable, and that the Garretts alone should be penalized. Even an innocent trespasser is liable for the stumpage value of timber unlawfully cut and removed by him. "Where defendant is an unintentional or innocent trespasser, or innocent purchaser from such trespasser, the value at the time of conversion, less the value he or his vendor added to the property," is the measure of damages where a plaintiff recovers for timber cut and carried away. Code, § 105-2013(2). If the Garretts were trespassers, and the jury so found, so was Burgin. If the Garretts were liable in damages to the plaintiff, and the jury so found, Burgin was liable also at least for the stumpage value of the timber, the plaintiff having conceded that he was merely an innocent trespasser. We therefore conclude that the verdict, exonerating the defendant who actually committed the alleged trespass, and relieving him of all liability, and assessing damages against the other defendants who participated in the alleged actual trespass only through the acts of the defendant relieved, is inconsistent and repugnant and must be set aside as null and void. We think that the court erred

in not sustaining these grounds of the amended motion. See *Anthony* v. *Anthony*, 103 *Ga.* 250 (29 S. E. 923) ; *Kuck* v. *State*, 149 *Ga.* 191 (99 S. E. 622), and citations.

■ Special ground 8 complains of the charge of the court on the form of the verdict, and that the jury could return a verdict for the plaintiff and against the Garretts, the defendants who resided out of the county, without returning a verdict against Burgin, the only resident defendant. Ground 9 alleges error in the failure to charge the jury, even without a written request, that they could not find a verdict against the non-resident defendants without also finding a verdict against the resident defendant. Counsel designates the first of these alleged errors as a sin of commission, and the last as a sin of omission. It is not contended that the verdict would have to be for the same amount of damages against all of the defendants, or that they would necessarily have to be guilty of the same type of trespass; but merely that the resident defendant would have to be a trespasser and liable in some amount before the non-resident defendants could be legally liable for any amount. Ordinarily, a jury may find a verdict for one joint defendant and against another joint defendant; but, under the facts of this case, and for the reasons pointed out in division 3 of this opinion, the charge as complained of in ground 8 was erroneous. A charge substantially as outlined in ground 9 would have been appropriate, but we do not consider it necessary to decide now whether the failure to give such charge, in the absence of a timely written request, was reversible error.

■ The remaining special grounds are without substantial merit, and, since the case is to be tried again, we do not pass upon the general grounds of the motion.

*Judgment affirmed on cross-bill; affirmed in part, and reversed in part on main bill.   Sutton, P. J., and Felton, J., concur.*