33797. SIMS *v.* THE STATE.

DECIDED OCTOBER 18, 1951.

*Emmett Smith,* for plaintiff in error.

*Earl Staples, Solicitor,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Code § 58-209, making it a misdemeanor to knowingly permit or allow anyone to have, possess or locate on his premises any apparatus for manufacturing prohibited liquors, provides in part as follows: "When any such apparatus is found or discovered upon said premises the same shall be prima facie evidence that the person in actual possession had knowledge of the existence of the same . . the burden of proof in all cases being upon the person in actual possession to show the want of knowledge of the existence of such apparatus on his premises." While it does not appear whether the defendant was an actual owner or tenant in common of the premises on which the apparatus was discovered, it does appear without dispute that the land was under his control. It is undisputed that he told the arresting officer that the pasture where the still was found was in his possession, and that he daily tended his cows in that pasture. The only road to the still came by the barn, and "there was no way in the world not to know" the still was there, according to one witness. There was also the circumstantial evidence that the defendant was seen in a truck which, as disclosed by the tire tracks, entered the premises and went to a place in the immediate vicinity of the still, where a large number of one-gallon cans was unloaded. There being no dispute that the defendant was in control of the premises, and the statute providing that the presence of the apparatus shall be prima facie evidence of the defendant's knowledge thereof, the evidence was sufficient to support the verdict. See *Atkinson* v. *State,* 25 *Ga. App.* 176 (102 S. E. 878); *Alexander* v. *State,* 25 *Ga. App.* 236 (1) (102 S. E. 880); *Carter* v. *State,* 21 *Ga. App.* 493 (1) (94 S. E. 630); *Jackson* v. *State,* 28 *Ga. App.* 442 (1) (111 S. E. 750); *Neville* v. *State,* 29 *Ga. App.* 232 (1) (114 S. E. 720).

■ The defendant made the following requests to charge the jury: "(a) I charge you, gentlemen of the jury, that evidence has been introduced as to the character of the defendant. Good character, when proven to your satisfaction to exist, is a substantive fact, like any other fact tending to establish the defendant's innocence, and should be so regarded by the jury, and it is

your duty to weigh and consider such evidence in connection with and together with all of the evidence in the case, in making your verdict. (b) I charge you, gentlemen of the jury, while it is true in this case, if you believe the evidence shows the guilt of Earnest Sims, defendant, beyond a reasonable doubt, you would be authorized to convict him, notwithstanding the proof of good character, yet on the other hand, if the accused, said Earnest Sims, has proven his good character to your satisfaction, and when you consider this evidence of his good character, together with all of the other evidence submitted in this case, if a reasonable doubt as to the guilt of said accused is created thereby in your minds, said Earnest Sims should have the benefit of such doubt, and it would be your duty to acquit him."

The court charged on this subject as follows: "In criminal cases, gentlemen, the defendant is allowed, if he sees fit, to offer evidence as to his general good character and when such evidence is offered, it is the duty of the jury to take that testimony, along with all the other testimony and the statement of the defendant, in determining the guilt or innocence of the defendant. Good character is a positive substantive fact and may of itself be sufficient to generate in the mind of the jury a reasonable doubt as to the guilt of the defendant. It is the duty of the jury to take any evidence of general good character along with all the other facts and circumstances in this case and if in doing so the jury should entertain a reasonable doubt as to the guilt of the defendant they should acquit. Nevertheless if the jury should believe the defendant guilty beyond a reasonable doubt, it would be their duty to convict notwithstanding evidence as to the general good character."

A charge should be given substantially in the language requested; nevertheless, if the charge on the subject requested is fully and fairly given, it is not error that the exact language of the request is not used. *Southern Cotton Oil Co.* v. *Skipper,* 125 *Ga.* 368 (3) (54 S. E. 110).; *Millen & Southwestern Ry. Co.* v. *Allen,* 130 *Ga.* 656 (4) (61 S. E. 541); *Southern Railway Co.* v. *Reynolds,* 126 *Ga.* 657 (3) (55 S. E. 1039). In *Shropshire* v. *State,* 81 *Ga.* 589 (8 S. E. 450), at page 591, the Supreme Court said: "Evidence of good character, when offered by the

defendant in a criminal case, is always relevant, and therefore is always material; and if it is material, in our opinion it should go to the jury and have such weight as the jury see proper to give it. If it is material, it should be considered by the jury, not merely where the balance of the testimony in the case makes it doubtful whether the defendant is guilty or not, but where such evidence of good character may of itself generate a doubt as to the defendant's guilt. Good character is a substantive fact, like any other fact tending to establish the defendant's innocence, and ought to be so regarded by the court and jury. Like all other facts proved in the case, it should be weighed and estimated by the jury, for it may render that doubtful which otherwise would be clear."

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P.J. and Gardner, J., concur.*