35173. CHARLESTON & WESTERN CAROLINA RAILWAY COMPANY *et al. v.* MERKERISON,
by next friend

**300**

Decided June 24, 1954.

*Cumming, Nixon & Eve,* for plaintiff in error.

*Bell & Bell,* contra.

Felton, C. J. ■ It is contended that the court erred in overruling the general demurrer to the petition. The petition in substance alleged: A railroad line of the defendant company traverses Greene Street and the sidewalks thereto in Augusta, Georgia. At the point where the railroad line crosses Greene Street the street is approximately 75 feet wide. Where the rails traverse one of the sidewalks, there are wooden boards laid alongside the rails, the tops of which are level with the tops of the rails and the adjoining sidewalk. There is space between the rails and the boards forming a sort of trench. On the morning of August 20, 1953, at about 7:50 o'clock, the plaintiff, a nine-year-old boy, was proceeding along the sidewalk last above mentioned, and while crossing the railroad tracks got his "loafer-type" shoe caught in the trench or space between one of the rails and the board running parallel thereto. At the time the plaintiff was crossing the tracks, the defendant company's train, being operated by its engineer, the defendant Drexel, was approximately 80 yards from the point where the plaintiff was crossing the tracks. "The said David Frank Merkerison while crossing the said railroad track and while walking on the sidewalks of the

City of Augusta and within the corporate limits of the City of Augusta was exercising all the ordinary care and caution which a child of his years was capable of exercising; that his undivided attention was focused upon the fact of his shoe getting caught in the said railroad tracks to such an extent that he was unable to see or hear the approaching train and that because of his tender age was only conscious of extracting his shoe from the said railroad track, which he was in the process of doing when he was run down and struck by said train. Plaintiff was in full view of the engineer and fireman of the said oncoming train and had they been keeping a proper lookout they would have seen his precarious situation in time to have stopped said train and thus prevent the said train from striking plaintiff."

The specific acts of negligence alleged against the defendants were: in exceeding the authorized speed limit as set by city ordinance; in that the said railroad engineer who was operating the train failed to maintain and keep a proper vigilance and lookout and failed to see the plaintiff on the tracks in sufficient time to bring the train under proper control so as to have avoided striking the plaintiff; in not having the train under proper control at the intersection; in having the tracks constructed in such a manner as to create a space between the track and the sidewalk in that a person using the sidewalk in a careful manner would get his foot and shoe caught therein; in not having a cross-arm to protect and prevent pedestrians from crossing the sidewalk while a train is in route. It was further alleged: "The condition of the track which caused plaintiff's shoe to become fastened therein, and the acts of the engineer as herein described were the proximate cause of the plaintiff's injuries."

The petition does not show that the defendants were free from any negligence, nor does it show that the plaintiff was the sole author of his own misfortune. This case is not clear and indisputable as to the questions of negligence and proximate cause. This is one of those cases where the questions of negligence of all parties concerned and the proximate cause of the injuries complained of must be resolved by a jury. Authorities for this principle are too numerous to warrant citation. The court did not err in overruling the general demurrer to the petition as amended.

■ Special ground 4 of the amended motion for a new trial

complains that the verdict was too indefinite for enforcement. Special ground 5 complains that the verdict failed to cover the issues made by the pleading. The verdict was as follows: "We the jury find for the plaintiff in the sum of seventeen hundred and fifty dollars. ($1,750.00)." In view of the charge, "Therefore, gentlemen of the jury, if you find that the plaintiff is entitled to recover against both defendants, the form of your verdict would be, 'We, the jury, find in favor of the plaintiff in the sum of so many dollars', stating the amount", the verdict had a legal intendment and was adjusted to the issues. *Pickron v. Garrett,* 73 *Ga. App.* 61, 65 (35 S. E. 2d 540).

■ Special ground 8 of the amended motion complains that the court erred in charging the jury that they might find the defendants guilty of negligence per se in the violation of a municipal speed ordinance, because there was no evidence to the effect that the train was being operated in excess of the speed limit. The ground is meritorious. The ordinance set the speed limit for trains at that particular location at 20 miles per hour. The engineer testified that at the time the train's speed was 15 miles per hour. The plaintiff contends that the jury could take testimony that the train was a certain distance from the plaintiff when he first got his shoe stuck and testimony as to what time elapsed from then until he was struck and figure the speed of the train, and that such evidence would authorize a finding that the train was exceeding the speed of 20 miles per hour. The evidence showed that on crossing the track the plaintiff's shoe got caught between the last rail of the track he was crossing and a board laid alongside that rail; that he stepped out of his shoe, took one or more steps, turned around, and went back to the rail in an effort to extract his shoe and was struck by the locomotive while he was trying to extract the shoe. There was no testimony as to what time elapsed between the time the plaintiff got his shoe caught and the time he was struck. The plaintiff contends that the jury could figure for themselves how much time elapsed and use that time factor with the distance factor and determine the speed of the train. Admitting that speed may be calculated by using a time-and-space, or distance, formula, we do not think that the time factor in the instant case was so definite or so ascertainable as to admit of a correct calculation

of the train's speed. The plaintiff contends in his brief: "According to the testimony the time element involved is the time that it took David to take one step out of his shoe, turn and stoop over. This is also a question of fact for the jury to decide as to how long that time would take. If it took less than two seconds for the train to travel 60 feet, it was then exceeding 20 miles per hour, if it took more, it was not." To follow this argument to its logical conclusion, if the train traversed the distance in 1.9 seconds, there was a violation of the speed-limit ordinance; if it traversed the distance in 2.1 seconds, there was not a violation of the ordinance. It can readily be seen that two-tenths of a second would make a difference of negligence per se or not, and we do not believe that, under the circumstances and evidence in this case, the jury could have figured the time factor down to tenths of a second. It is further contended that the speed of the train could be arrived at by considering the distance the train traveled after an emergency application of the brakes was made. An essential element to figuring the speed of a train from the braking distance is the weight of the train, and there was no evidence of the train's weight.

■ Special ground 9 of the amended motion complains that the court erred in charging: "I charge you, gentlemen of the jury, that due care in a child of tender years is such care as his capacity, mental and physical, fits him for exercising in the actual circumstances of the occasion and situation under investigation." It is contended that the plaintiff was not a child of tender years at the time of the mishap. The plaintiff was nine years of age. An almost identical charge concerning a child of ten years of age was approved in *Southern Ry. Co.* v. *Reynolds*, 126 *Ga.* 657 (4) (55 S. E. 1039). The ground is without merit.

■ Special ground 7 is without merit and special ground 6 is without merit for the reason complained of.

■ The special demurrer was without merit.

The court did not err in overruling the general and special demurrers to the petition as amended. The court erred in denying the amended motion for new trial for the reason stated in division 3 of the opinion.

*Judgment on the demurrers affirmed; judgment on the amended motion for new trial reversed. Quillian and Nichols, JJ., concur.*