36191. DARDEN *et al.* v. McMILLIAN *et al.*

TOWNSEND, J. 1. Where, as here, a petition alleged that the defendant Walter McMillian did "make a written conveyance purporting to convey

to defendant Hester Bennett all marketable saw timber on the land lot" (No. 274 of the 20th District and 3rd Section of Polk County, Georgia), and that "said Walter McMillian knew at the time he made said instrument of conveyance that said lands did not belong to him, and he knew further that said Bennett purchased the saw timber on said lands for the purpose of entering thereon and cutting the timber located thereon," and further alleged that the codefendant Bennett did thereafter enter on the lands and cut some of the timber, the petition set out a cause of action against McMillian as well as Bennett on the theory that they are joint trespassers. "One who procures or assists in the commission of a trespass, or does an act which ordinarily and naturally induces its commission, is liable therefor as the actual perpetrator." *Burns* v. *Horkan,* 126 *Ga.* 161 (3) (54 S. E. 946). "One who makes a written instrument purporting to convey to another sawmill rights in certain timber on lands of a third person may be sued as a joint trespasser with the person taking the conveyance who enters upon the land under the writing and cuts the sawmill timber thereon. *Burch* v. *King,* 14 *Ga. App.* 153 (80 S. E. 664); *Zugar* v. *Scarbrough,* 186 *Ga.* 310, 320 (197 S. E. 854)." *Pickron* v. *Garrett,* 73 *Ga. App.* 61, 63 (35 S. E. 2d 540). Accordingly, a petition brought by named plaintiffs alleging themselves to be the true owners of the land lot in question, and that the defendant McMillian sold the land to another, knowing it was not his to sell, and knowing that the purchaser intended to cut timber therefrom, was not subject to general demurrer on the ground that it fails to set forth a cause of action.

2. Where the petition further alleged that McMillian, a resident of Polk County where the action was brought, sold the land in question to the co-defendant Bennett; that Bennett cut timber therefrom; that thereafter the plaintiffs obtained an injunction against Bennett to enjoin him from cutting further timber, that, while the injunction was of force and effect, Bennett again entered the land in violation of the order of court in the suit pending against him in his county of Carroll; that the present action is for the value of timber cut on this second occasion (which appears not to have been included in the first action already pending and which resulted, prior to the filing of the petition in this case, in a judgment for the plaintiffs), and that, because of these facts, punitive damages are sought under the provisions of Code § 105-2002 "from the defendants, jointly and severally, as exemplary or punitive damages because of the aggravated nature of the trespass and to deter a repetition of flagrant and unconscionable violation of law of this State and the wilful violation of lawful orders of this court as alleged"—such allegation does not charge the defendant McMillian with any wilful misconduct such as would authorize punitive damages, it not appearing that this defendant had any control over the codefendant Bennett or the property or in any way induced, joined in, or procured the violation by Bennett of the injunction order. Nevertheless, as to the actual loss in market value of the premises due to the cutting of timber, either before or after the grant of the injunction, McMillian might be held liable under the above-cited cases on the theory that the maker of the instrument is "liable in trespass with the actual perpetrator, upon the theory that the maker has put in motion the thing which subsequently

induced the party to commit the trespass." *Burch* v. *King,* 14 *Ga. App.* 153, 156 (80 S. E. 664).

But it is not necessary, in cases such as this, that the joint defendants would necessarily be liable for an identical amount of damages (in which connection see *Pickron* v. *Garrett,* supra, at page 67). "It is well settled that a petition which states a cause of action for any substantial relief should not be dismissed on general demurrer. *Greene* v. *Kelly,* 193 *Ga.* 675 (19 S. E. 2d 718); *Reardon* v. *Bland,* 206 *Ga.* 633 (58 S. E. 2d 377)." *Roughton* v. *Thiele Kaolin Co.,* 209 *Ga.* 577, 579 (74 S. E. 2d 844).

3. Since the trial court erred in sustaining the general demurrer of the resident defendant, McMillian, it was also error to dismiss the nonresident defendant, Bennett, on motion, the sole ground of which was that the court had no jurisdiction over his person.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*

Decided May 16, 1956.

*Marson G. Dunaway, Jr.,* for plaintiff in error.
*D. B. Howe, Harold L. Murphy,* contra.